E. J. Keating and A. J. McCue *v.* Patrick Jordan, Martin Howley, John Brown, Martin Tierney, Kate O'Hara, John F. Neary, Josephine Powers and Bridget Cawley, Appellants.

*School laws—School directors—Removal of directors for failure to attend meetings—Act of May 8, 1854.*

The office of school director was intended to secure a fair and an intelligent administration of the school laws in the interest of public education. When these officers cannot, or will not, discharge their duties, the law provides for their prompt removal and the appointment of others better able or more willing to serve the public with fidelity.

Under the Act of May 8, 1854, P. L. 618, school directors may be removed if they have failed to attend two successive meetings regularly held in pursuance of adjournments properly noted on the minutes of the board.

Argued April 12, 1897. Appeal, No. 133, Jan. T., 1897, by defendants, from decree of C. P. Luzerne Co., Oct. T., 1896, No. 11, on bill in equity. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity to restrain the defendants from acting as school directors.

The court granted a preliminary injunction, which upon motion was continued, WOODWARD, P. J., filing the following opinion:

The seats of Martin Howley, Patrick Jordan and John Brown, three members of the school board of Pittston township, were on August 24, 1896, declared vacant, and other persons appointed in their stead. This action of the directors was taken

in supposed pursuance of the Act of May 8, 1854, P. L. 618, which, among other things, provides that: "If any person having taken upon himself the duties of his office as director, shall neglect to attend any two regular meetings of the board in succession, unless detained by sickness or prevented by absence from the district; or to act in his official capacity when in attendance, the directors present shall have power to declare his seat on the board vacant, and to appoint another in his stead to serve until the next regular election." It is not denied that Howley, Jordan and Brown failed to attend the meetings of the board held on the 17th, 20th and 24th of August, 1896. If these were "regular" meetings in contemplation of law, then the action taken was within the jurisdiction of the directors, and their discretion cannot be impeached in this proceeding. All official deliberative bodies have the inherent right to assemble in pursuance of a previous adjournment. Where the record of minutes of a previous meeting shows an adjournment to a time and place certain, then such adjourned meeting will be considered regular. But it is claimed in the present case that the general rule applicable to deliberative bodies is qualified in the case of boards of school directors, by the Act of April 11, 1862, P. L. 471, which in section 3, provides that "the term stated meetings or regular meetings . . . . shall hereafter be taken to mean the first meeting thereof for organization, after the annual election of directors or controllers, or the monthly or other periodical meetings held thereafter, in accordance with the standing regulations of the board." This act, however, contains the following additional provision: "But if there are no standing regulations, then every meeting held in succession from the said first meeting for organization by adjournment to a time and place certain, and so entered on the minutes of the proper board, shall be to all intents and purposes regarded as a regular meeting." The board of directors of the Pittston township district has never adopted any standing rule or regulation in reference to the time for holding regular monthly meetings. It seems to have been their practice to meet from time to time, at the call of the chairman. This is shown by the minutes. The meetings of the 3d of August, of the 17th, and of the 20th all seem to have been held in a regular manner,—the first at the call of the chairman, and the others in pursuance of adjourn-

ment properly noted on the minute book.  At a meeting on the 20th, there being but two directors present, an adjournment was ordered to the 24th at 7 : 30 P. M. in the Morgan Lane schoolhouse.    This also appears on the minutes.    It would seem, therefore, that the adjourned meeting held on the 24th of August, 1896 was regular in all respects.   And it appears from the depositions that Howley, Jordan and Brown were duly notified of the meeting, but did not see proper to attend it.

Upon the whole case as now presented, we consider it our duty to continue the injunction granted on the 4th of Septem ber, 1896, until further order.   And it is so ordered.

*Error assigned* was above order of the court.

*M. N. Donnelly*, with him *James L. Lenahan* and *C. Frank Bohan*, for appellants.—Under the general school law, directors' meetings are either "stated," including the annual meeting when fixed, or " special," adjourned meetings to take place in either case ; but the former only are regular meetings, for nonattend ance at any two of which in succession, except in case of sick ness or absence from the district, the seat of a director may be declared vacated by other directors and a new member appointed in his stead : Zulich v. Bowman, 42 Pa. 83.

If there were no standing regulations, as plaintiffs contend, then no meeting after the annual meeting of June 2 could be called a regular meeting, because the said annual meeting was not adjourned to any time and place certain, and not even the meeting of August 3 could be called a regular meeting, within the rulings of our Supreme Court : Genesee Twp. v. McDonald, 98 Pa. 444.

The meetings of August 17, 20 and 24, even if held, were not regular meetings in contemplation of law ; but under plain tiffs' own testimony were only a continuation of the meeting of August 3, and were at most only of a like character to the lat ter, viz : special meetings : Zulich v. Bowman, 42 Pa. 83 ; Genesee Twp. v. McDonald, 98 Pa. 444.

Another important point in this case is the legality of the meeting of August 24.   It was a special meeting, and the notice of the members, even if given, was not preceded by a written request to and a refusal of the president to call the meeting, as required by law : Act of April 17, 1865, P. L. 62.

*John T. Lenahan,* with him *E. F. McGovern,* for appellees.—
The maxim certum est quod certum reddi potest may be now
well invoked, especially since the chair, who was Jordan him-
self, called a meeting for July 2, at which all the members were
present: Ernst & Godshalk v. Steckman, 74 Pa. 13; Capron v.
Capron, 44 Vt. 410.

The rule is now well established that even a statutory notice
may be waived by all the stockholders of a corporation, and if
they are willing and do waive it, the meeting and all the pro-
ceedings are as valid as they would be had the full statutory
notice been given: 1 Cook on Stock and Stockholders, sec. 599.

Thus where no notice was given, although prescribed by the
charter and by-laws, it was held to have been waived by the
presence of all the stockholders at the meeting, and their par-
ticipation in its action: Kenton Furnace R. R. & Mfg. Co. v.
McAlpin, 5 Fed. Rep. 737.

PER CURIAM, May 3, 1897:

The office of school director was intended to secure a fair
and an intelligent administration of the school laws in the in-
terest of public education.   When these officers cannot, or will
not, discharge their duties, the law provides for their prompt
removal and the appointment of others better able or more wil-
ling to serve the public with fidelity.   An examination of this
case has satisfied us that a proper occasion for the exercise of
this power of removal and appointment had arisen in Pittston
township, and that it was exercised in a regular and valid man-
ner.   The learned judge of the court below has correctly ruled
the questions presented at the trial, and the decree is affirmed.
Appellants to pay the costs of this appeal.