Commonwealth ex rel. v. Gibbons.

196        97
  32 SC ³391

*School law—Meeting of directors—Vacancy—Act of May 8, 1854, P. L. 618, Sec. 8, and Act of April 11, 1862, P. L., 471.*

A meeting of school directors called by the president following a previous meeting adjourned " to meet at the call of the president," is not a regular meeting under the act of April 11, 1862, because it is not held in accordance with any standing regulations of the board, nor by adjournment " to a time and place certain."

Where a school board adopts a time and place for a regular monthly meeting, and subsequently at a regular meeting adjourns to meet on a different day from that specified in the regulation, such meeting is not a regular meeting within the meaning of the Act of May 8, 1854, sec. 8, relating to the absence of directors from meetings.

Under the Act of May 8, 1854, sec. 8, which provides that if a school director shall neglect to attend any two regular meetings of the board in succession unless detained by sickness or prevented by absence from the district, the directors shall have power to declare his seat vacant, the directors have no power to declare the .seat vacant at the second of such meetings, although the resolution to vacate the seat was the last thing done before adjournment.   The absence cannot be determined or declared until the meeting is actually adjourned.

A school director cannot be deprived of his office because of absence from two successive meetings without being given an opportunity to show, if he can, that his absence was caused by sickness or absence from the district.

The act being highly penal, in that it permits a few individuals liable to be governed by personal feeling, to oust by summary proceedings the officer duly chosen by the electors to represent them in their school matters, it must be strictly construed and every step in the proceedings must clearly appear to have been regular and within the authority conferred by the statute.

*School law—Ouster of director for absence—Mandamus—Quo warranto.*

Where there is no contest as to a school director's original title to his seat under a valid election, but only as to the legality of his ouster for alleged wilful absence from meetings, the remedy of the director is mandamus to prevent his further unlawful exclusion.   The remedy by quo warranto against the person chosen to succeed him does not apply.

Argued Feb. 14, 1900.   Appeal, No. 337, Jan. T., 1899, by defendants, from judgment of C. P. Schuylkill Co., Sept. T., 1899, No. 188, on mandamus, in case of Commonwealth ex rel. Michael O'Brien v. John Gibbons, President, Thomas Hullihan, Secretary, John Delany, Thomas Grace and .Patrick

Hughes, Directors of the School District of Cass Township. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Mandamus to prevent the exclusion of relator from school board.

The facts are stated in the opinion of the Supreme Court.

The court granted a peremptory mandamus.

*Error assigned* was the order of the court.

*George W. Ryon* and *John W. Ryon*, with them *James Ryon*, for appellants. — Quo warranto is the proper remedy : Gilroy's App., 100 Pa. 5; Com. v. Mitchell, 2 P. & W. 518; High on Injunctions (2d ed.), sec. 1312; Hagner v. Heyberger, 7 W. & S. 104; People. v. Draper, 24 Barb. 269; Updegraff v. Crans, 47 Pa. 105; Brown's App., 66 Pa. 155; McGargell v. Hazleton Coal Co., 4 W. & S. 424; Gregg Township v. Jamison, 55 Pa. 468; Bedford Springs Co. v. McMeen, 161 Pa. 639; Com. ex rel. Ryan v. Haeseler, 161 Pa. 92; Brower v. Kantner, 190 Pa. 182; Goldsworthy v. Boyle, 175 Pa. 246; Phila. v. Rink, 17 W. N. C. 136.

The title to a public office, such as the office of school director or school teacher, cannot be settled by mandamus; the remedy is by quo warranto : Carlisle School Dist. v. Humrich, 18 Pa. C. C. R. 322; Com. v. Risser, 18 Pa. C. C. R. 325.

Every meeting under the law, of the five, four of which in succession O'Brien missed, was a regular meeting : Keating v. Jordan, 181 Pa. 168.

*Charles E. Breckons*, for appellee, cited Zulich v. Bowman, 42 Pa. 83, Genesee Twp. Independent School Dist. v. McDonald, 98 Pa. 450, and Adams v. Duffield, 4 Brewster, 9.

OPINION BY MR. JUSTICE MITCHELL, May 21, 1900 :

The Act of May 8, 1854, P. L. 618, sec. 8, provides that "if any person having taken upon himself the duties of his office as (school) director, shall neglect to attend any two regular meetings of the board in succession unless detained by sickness or prevented by absence from the district; . . . . the directors

present shall have power to declare his seat on the board vacant, and to appoint another in his stead to serve until the next regular election."

What shall be deemed a regular meeting is defined by the Act of April 11, 1862, P. L. 471, which provides that "the term 'stated meetings' or 'regular meetings' shall hereafter be taken to mean the first meeting thereof for organization, after the annual election of directors or controllers, or the monthly or other periodical meetings held thereafter in accordance with the standing regulations of the board. . . . But if there are no standing regulations, then every meeting held in succession from the said first meeting of organization by adjournment to a time and place certain, and so entered on the minutes of the proper board, shall be to all intents and purposes regarded as a regular meeting."

Under these statutory provisions the relator was ousted by the other members of the board from his office of school director for absence from two regular meetings. The facts are not in dispute, and an examination of them will settle the controversy.

The board met for organization on June 5; this was admittedly a regular meeting and the relator was present. This meeting adjourned "to meet at the call of the president," and on such call a second meeting took place on June 15, from which the relator was absent. This was not a regular meeting by the terms of the statute, not being held in accordance with any standing regulations of the board nor by adjournment "to a time and place certain." It was merely what is known in the common usage and understanding of legislative and corporate bodies as a special or adjourned meeting. The board however at this meeting adopted a standing regulation that "the regular monthly meeting was to be held at Hecksherville and Black Heath on the first Saturday of every month at half past six o'clock."

The next meeting took place in accordance with this regulation on July 1, the first Saturday of the month. This was a regular meeting and relator having been absent must have this counted against him. This meeting adjourned to July 10 at which date another meeting took place from which relator was absent. This was not a regular meeting within the present question, because the standing regulation adopted June 15 had

fixed the first Saturday of every month for such meetings. It was therefore merely an adjourned meeting and the relator's absence was immaterial in the present controversy.

The next meeting, and the last with which we are concerned, took place on August 5, the first Saturday. This was a regular meeting and made the second in succession from which the relator was absent. The action declaring his seat vacant was taken at this meeting. It was clearly premature and therefore void. It is claimed by the relator that he was on his way to the meeting though somewhat late, and that the action of the board was hurried through and the meeting adjourned in order to prevent his attendance. On the other hand appellants claim that the resolution to vacate the seat was the last thing done before adjournment, and that the meeting was therefore over when this action was taken. It is not material to this case which version of the facts is correct. The action was void in either view. The statute does not authorize ouster for coming late to meetings but for absence, and absence cannot be determined or declared until the meeting is actually adjourned. If the relator had entered the meeting during the vote on adjournment he would have had a right to participate in the proceedings and to be counted as present at the meeting.

It was distinctly held in Zulich v. Bowman, 42 Pa. 83, that until the second meeting was over it could not be finally ascertained that the member was absent. See also Genesee Township Independent School District v. McDonald, 98 Pa. 444, 450.

There is another equally conclusive reason why no ouster can be declared at the second meeting. The act does not make absence from two regular meetings necessarily a cause for ouster, but only "unless detained by sickness or prevented by absence from the district." Conceding that the burden of showing such excuse would be upon the absent member, he would nevertheless be entitled to notice and an opportunity to be heard to present it and this could not be afforded without a subsequent meeting. The act is highly penal in that it permits a few individuals, liable to be governed by personal feeling, as is intimated not only by the learned judge in this case but also in Zulich v. Bowman, supra, from the same county, to oust by summary proceedings the officer duly chosen by the electors to represent them in their school matters. The act therefore must

be strictly construed, and every step in the proceedings must clearly appear to have been regular and within the authority conferred by the statute.

The case of Keating v. Jordan, 181 Pa. 168, much relied on by appellants, is in exact accord with the views now expressed. In that case there was a meeting on the call of the president on August 3, 1896, and subsequent meetings by adjournment on August 17, 20 and 24. There was no standing regulation of the board and therefore the meeting by adjournment " to time and place certain " were regular meetings by the express language of the act of 1862. The ousted members were absent from the meetings of August 17, 20 and 24, though notified, and the action of ouster was not taken until the third meeting on August 24. This complied with every requisite of the statute as we have construed it.

It is very earnestly argued by appellants that mandamus will not lie and that the only remedy is by quo warranto against the person elected to fill the supposed vacancy. It would be sufficient answer to cite the precedent of Zulich v. Bowman, supra, but the remedy is clear on principle. There is no contest as to the relator's original title to his seat under a valid election, but only as to the legality of his ouster. If this was not valid, he never has been ousted at all, and mandamus is the proper remedy to prevent his further unlawful exclusion. We have nothing to do with the title of his alleged successor who was apparently elected by the board to fill a vacancy that did not exist. This cannot affect the relator. He was admittedly elected to the office, has never been out of it in contemplation of law, and the mandamus simply compels the respondents to recognize his established right.

Judgment affirmed with costs.