# Spahn, Appellant, v. Bielefeld & Spahn Company et al.

*Jurisdiction, C. P.—Mandamus—Corporations — Officers — Removal.*

1. Where an officer of a corporation, who was lawfully elected to his seat, has been removed he may maintain a proceeding in mandamus to prevent his further unlawful exclusion from such office.

2. A motion to quash a writ of alternative mandamus, which calls attention to defects in substance in the petition, is in effect an application to the court to reconsider its conclusion that the substance of a cause has been shown. The lower court has power to entertain such a motion and to quash the writ if the substance of a case has not been shown.

*Corporations—Ministerial officers—President—Directors — Removal of president—Legality of directors' action.*

3. Ministerial officers of a corporation, who are not elected by the corporation at large for stated terms, but who are appointed by the board of directors, have no franchise in their office and are removable at the pleasure of the directors without the assignment of any cause, without the giving of any notice, and without trial or investigation into the grounds of removal.

4. In mandamus proceedings to compel the reinstatement of the president of a corporation, who alleged that he had been unlawfully ousted from office, it appeared that a by-law of the corporation provided that "Any officer may be removed at any regular meeting of the board of directors, provided there be a majority of the total membership of the board in favor of such removal"; and that at a regular meeting of the board the president had been removed by a majority of the directors. Plaintiff contended that his removal was unlawful. The lower court awarded a writ of alternative mandamus. *Held,* the court properly quashed the writ upon motion of respondent.

Argued Jan. 8, 1917. Appeal, No. 325, Jan. T., 1916, from order of C. P. Lackawanna Co., Oct. T., 1916, No. 1088, awarding mandamus, in case of Louis Spahn v. Bielefeld & Spahn Company, A. G. Stromberg, Vice-President of the Bielefeld & Spahn Company, William R. Hughes, Secretary and Treasurer of the Bielefeld &

Spahn Company, E. M. Stack, L. H. Conklin, William R. Hughes, George T. Dunham, A. G. Stromberg and Max Bielefeld of the Directors of the Bielefeld & Spahn Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Petition for mandamus. Before NEWCOMB, J.

A by-law of defendant corporation was as follows:

"Any officer may be removed at any regular meeting of the board of directors, provided there be a majority of the total membership of the board in favor of such removal."

Other facts appear in the opinion of the Supreme Court.

The court awarded a mandamus, which was subsequently quashed upon motion of respondents. Plaintiff appealed.

*Error assigned* was in refusing the petition.

*W. S. Diehl,* with him *W. W. Watson* and *Albert L. Watson,* for appellant.—The by-law of the defendant providing that "any officer may be removed at any regular meeting of the board of directors, provided there be a majority of the total membership of the board in favor of such removal" is invalid: Commonwealth v. Union League of Philadelphia, 135 Pa. 301; Brown v. Hummel, 6 Pa. 86; O'Hara v. Stack, 90 Pa. 477; Commonwealth v. Detwiller, 131 Pa. 614; Commonwealth ex rel. O'Brien v. Gibbons, 196 Pa. 97.

The powers of the president are coördinate with those of the board of directors and they had no right to remove him from office.

The meeting of the directors at which the action was taken in removing the plaintiff from the office of president was irregular.

*Cornelius Comegys,* for appellees.—It was within the

power of the defendant corporation to enact the by-law under which the president was removed from office: Brindley v. Walker, 221 Pa. 287.

OPINION BY MR. JUSTICE MOSCHZISKER, February 26, 1917:

On June 17, 1914, the defendant was chartered as a Pennsylvania manufacturing corporation; shortly thereafter, the plaintiff became president of the company, by election of its board of directors; August 16, 1916, the board, by resolution duly passed, discharged him from his office; thereupon, he applied to the court below for a writ of mandamus to compel the corporation, its directors and officers, to recognize him as president; an alternative writ issued, but on September 25, 1916, this was quashed and the proceedings dismissed; plaintiff has appealed.

The petition for the mandamus averred, inter alia, the incorporation of the company; that the plaintiff was chosen by the stockholders as a director, and was subsequently elected by the board of directors as president of the corporation; that the officers and directors named by him as defendants were all duly elected to their several places; that the by-laws of the company, in relation to the powers and duties of the board of directors, provide for their election by the stockholders, and that "stated meetings of the board shall be held on the fourth Monday of January, April, July and October each year"; further, that "the board of directors shall have the right to establish such rules and regulations for the conduct of the business......as to them may seem proper," and "shall hold meetings at such time and place as may to them seem necessary or advisable"; that, pursuant to the authority thus conferred, the board of directors, at a meeting held December 16, 1915, resolved "to hold monthly meetings on Wednesday nearest the 15th"; that the by-laws provide, "Officers of the company shall be elected by the board of directors and shall consist of a president,

vice-president, a secretary and a treasurer......"; that they further provide, "Any officer may be removed at any regular meeting of the board of directors, provided there be a majority of the total membership of the board in favor of such removal"; finally, that the president "shall have general supervision of the affairs of the company and attend generally to its executive business ......." The petitioner then averred that, "at the monthly meeting of the board of directors held August 16, 1916,......there was present your petitioner,...... and directors Bielefeld, Stack, Conklin, Hughes and Dunham," and the following action was taken: "On motion by Mr. Conklin, seconded by Mr. Dunham, that Mr. Louis Spahn [the plaintiff] be and is hereby removed from the office of president......, and that the office be declared vacant"; that the motion was duly carried by four of the directors voting in the affirmative, the plaintiff and one other member not voting; that immediately thereafter a motion was duly carried declaring Mr. Stack elected as president of the corporation "to fill the vacancy caused by the removal of Mr. Louis Spahn"; that all this took place against the protest of the plaintiff, who left the meeting when the motion was put for his removal; that from thence on he had been excluded from his office of president and refused recognition as such. Finally, the petitioner averred that, for many reasons, the action of the board of directors in removing him from the office of president was unlawful; and he prayed for the writ of mandamus. The defendants filed their motion to quash upon the ground that the petition "failed to set forth in substance a case for mandamus; but that, on the contrary, the said petition does set forth facts and circumstances which deny the right to the remedy sought," since it shows, inter alia, the defendant company to be a private manufacturing corporation, whose "by-laws, adopted by and agreed to by the stockholders, of which the complainant is one," provide that the directors shall have power "to select and elect a president,"

and "at any regular meeting by a majority vote of all the directors......to remove any officer of the corporation."

At the threshold of this case we are met with the question of jurisdiction; but this seems to be ruled in favor of the remedy by mandamus in Com. ex rel. O'Brien v. Gibbons, 196 Pa. 97, 101, where, speaking by Mr. Justice MITCHELL, we said: "It is very earnestly argued by appellants that mandamus will not lie, and that the only remedy is by quo warranto against the person elected to fill the supposed vacancy. It would be sufficient answer to cite the precedent of Zulich et al. v. Bowman, supra [42 Pa. 83], but the remedy is clear on principle. There is no contest as to the relator's original title to his seat under a valid election, but only as to the legality of his ouster. If this was not valid, he never has been ousted at all, and mandamus is the proper remedy to prevent his further unlawful exclusion."

Next, the question arises as to the practice pursued in quashing the writ; but this is sustained in Reese v. Board of Mine Examiners, 248 Pa. 617, 620-1, where, on mandamus, we said: "The motion to quash called attention to 'defects in substance,' and was, in effect, an application to reconsider the conclusion that the 'substance of a case' had been shown. Of course, the court had power to entertain such an appeal, and from this aspect the proceedings were regular."

When the case is considered on its merits, we see no virtue in any of the contentions of the appellant. In Brindley v. Walker, 221 Pa. 287, 293, speaking by Mr. Justice STEWART, we said: "Ministerial officers who are not elected by the corporation at large, for stated terms, but who are appointed by the board of directors,...... have no franchise in their office, and hence, are removable at the pleasure of the directors,.without the assignment of any cause, without the giving of any notice, and without any trial or investigation into the grounds of the removal." There, in a mandamus proceeding, one who had been removed from the office of secretary and treasurer of a corporation, by its board of directors,

sought to question their action; but we held that "in removing the appellant from the office of secretary and treasurer the board of directors was exercising a power which rightfully belonged to it; whether it was wisely or considerately exercised is not for us to determine."

We agree with what is so well said in the opinion of the learned court below: "It cannot be seriously contended that the meeting of August 16th was special; it fell on the regularly recurring date appointed by long standing rule of procedure adopted by the directors in the due exercise of their quasi statutory authority; having regard to the provisions of the by-laws on the subject of meetings, it cannot be supposed that those only were regular which had to be held quarterly. True, the action complained of was summary; but the obvious answer to any criticism on that score is that it was had according to law enacted by the parties themselves for their own government—law that had been made at the outset and subject to which plaintiff must be deemed to have taken title. He took nothing in the nature of a vested right either of person or property, but merely title to office in a private corporation, defeasible at the will of his constituents. One cannot see how he can object that such by-law is unreasonable, unless its enforcement would be to the prejudice of some right either legal or equitable which he acquired by virtue of his acceptance of the office; and no such thing appears. It has to do only with the internal management of the corporate body; it was ordained for that purpose by the corporators themselves, and operates equally on all concerned. If the stockholders are not satisfied with its operation, the remedy is in their own hands; but it is a matter with which the courts do not interfere. On the face of his pleadings.......plaintiff's removal was neither unlawful nor irregular. It follows that the substance of a case for specific relief by mandamus is wanting, and objection on that ground may be taken by motion to quash."

The assignments of error are overruled, and the judgment is affirmed.