# Commonwealth of Pennsylvania ex rel. *v.* Scutt et al., Appellants.

*Mandamus—School directors—Improper removal from office— Reinstatement.*

1. On a petition for a writ of peremptory mandamus to compel school directors to reinstate a member of the board whom they had unlawfully removed from office on the alleged ground that the petitioner had failed to attend three successive regular meetings of the board, where it clearly appeared that one of the meetings, which respondents alleged plaintiff failed to attend, had not taken place, and that another of such meetings was not a regular meeting, and that the motive of respondents in removing plaintiff was to create a vacancy in the board which they immediately after attempted to fill by electing a former member, the court committed no error in granting the relief prayed for.

2. In such case, where plaintiff's right to reinstatement was clear from the evidence and from findings in a former equity suit on the same cause of action in the same court which was dismissed on the ground that plaintiff had an adequate remedy at law, the court properly awarded a mandamus in the peremptory rather than in the alternative form.

Argued Feb. 26, 1918. Appeal, No. 24, Jan. T., 1918, by respondents, from judgment of C. P. Lackawanna Co., Jan. T., 1918, No. 871, granting peremptory mandamus,

in case of Commonwealth of Pennsylvania ex rel. Samuel Moskovitz v. Wallie Scutt et al. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Petition for peremptory mandamus.   Before EDWARDS, P. J.

The opinion of the Supreme Court states the facts.

The court awarded a writ of peremptory mandamus. Respondents appealed.

*Error assigned* was the order of the court.

*David J. Reedy,* for appellants.

*Harry Needle* and *Clarence Ballentine,* with them *M. J. Martin,* for appellees.

OPINION BY MR. JUSTICE STEWART, July 17, 1918:

Samuel Moskovitz, the appellee, is one of a board of seven school directors in the school district of Dickson City Borough in Lackawanna County.   He had been elected to the office in November, 1915, for a term of six years, he qualified first Monday of December, 1915, and continued thereafter to perform the duties of the office until the grievance complained of occurred.   The terms of office of three of the members of the board expired third December, 1917, and on that day the board composed of those holding over and the newly elected members met to organize.   At this meeting, Moskovitz being present, a resolution was adopted declaring his seat vacant because he had failed to attend three successive regular meetings of the board, November 5th and 14th and December 1st.   To fill the supposed vacancy thus created the board proceeded to elect one of the gentlemen whose term had just expired and who thereafter participated in the proceedings.   Moskovitz thereupon filed a bill in equity asking for an injunction directed against the board and its members to restrain them from preventing

him as acting as a member of the board.   In that proceeding the facts were found by the court and while they abundantly sustained the contention there urged by the petitioner, that he had been unlawfully expelled by the board, yet the injunction was refused, solely, however, on the ground that the plaintiff had an adequate remedy at law; and it was suggested by the court that the dispute would be effectively determined by quo warranto proceedings.   Thereupon the expelled director presented his petition to the Common Pleas Court containing the same averments that were set out in the bill in equity, praying the court to award a peremptory mandamus, commanding the defendants to permit the relator to perform his duties and exercise his rights as a member of said school board, and commanding them to desist and refrain from interfering in any manner whatever with the petitioner in his rights and in the performance of his duties as a member of said board.   Thereupon the learned court—the same judge presiding before whom had been heard the proceeding in equity—awarded the peremptory writ, from which action this appeal is taken.   In his opinion filed in the equity proceeding the learned judge says: "The facts relating to the title of the plaintiff to the office of school director of the Dickson City Borough School District, and the circumstances under which he was unlawfully expelled from the said office, are fully set forth by us in an opinion recently handed down in the case of Moskovitz v. The School District, No. 9, of January Term, 1918, in equity.   For our conclusions of fact and law we refer to that case, and we make the conclusions therein set forth a part of our discussion on the present application for a writ of peremptory mandamus."   Among the facts there found and here relied upon by the court are these: "No. 3. I find as a fact that Samuel Moskovitz had not failed to attend 'three successive regular meetings' of the board on the dates above mentioned.   Nor had he failed to attend 'two' such meetings, that being the number specified in the school code in such

case. There was no meeting of any kind on November 5th, the night before the election, nor has the secretary a minute of any such meeting. It is true that after the present suit was begun the secretary made a minute on his book of a meeting on November 5th, there being no quorum present, and that he noted an adjournment to November 15th. He was advised by counsel to make this minute, if, as a matter of fact, such a meeting had been held. I have no difficulty in reaching the conclusion, after a consideration of all the evidence, there was no meeting on November 5th. It was the night of the regular monthly meeting. The meetings of the board were regularly held in a room in the high school building at 7:30 p. m. On the night of November 5th, Moskovitz went to the usual place to attend the regular meeting. He stayed around the building from 7:30 to 8 o'clock. The entrance doors to the building were locked and there was no light in the board room......There was no light in the building and every door was locked. The most convincing testimony comes from Mr. Grier, auditor of the school accounts. He desired to meet the board in regard to some matters. He came to the school building about 7:40 o'clock and saw Moskovitz there waiting for a meeting of the board. Grier left a few minutes before eight o'clock, leaving Moskovitz there still waiting. Doors were locked and there was no light. Moskovitz was the only member of the board that Grier saw. He did not see Scutt, nor Oakey, nor Grazewicz, the three men named in the belated minutes of the alleged adjourned meeting of November 5th.

"No. 4. The facts relating to the meeting of November 14th need only a brief discussion. The minutes state that it was an adjourned regular meeting; that is, adjourned from November 5th. This meeting was held without warrant in law or fact. It was not an adjourned meeting, nor was it a special meeting. Whatever it was, there was some important business transacted in it and it was adjournd 'to meet at the call of the chair.'

"No. 5. The meeting of December 1st was a special meeting called by the President of the Board. Moskovitz had notice of the meeting but was prevented from attending because of the illness of his wife. When he was summarily ousted from his office of school director at the meeting of December 3d, in the afternoon, he was not given an opportunity to show that his absence was caused by the sickness of a member of his family.

"The foregoing facts prove conclusively that the action of the board on December 3d in declaring Moskovitz's seat vacant was a high-handed proceeding and was done without regard to law or even common courtesy. Pressman, (a director whose term was about expiring), resigns a few hours before his term expired and another man is appointed in his place; and he enjoys the honors of the office for about five hours. Then the plaintiff is ousted from his office and Pressman, who had just resigned, is elected in his place. Thus the conspiracy was consummated."

The authorities cited by the learned judge, more particularly Commonwealth v. Gibbons, 196 Pa. 97, sustain him in his legal conclusions to the effect that the attempted expulsion of the relator from the board was wholly nugatory and void in law and fact in that no valid excuse can be given for not permitting him to act as a member of the body. It was to furnish relief in just such cases that it is provided by Section 2 of Act of 8th June, 1893, that "if the right to require the performance of the clear and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be awarded in the first instance and directed to issue forthwith." All the learned court finds with respect to the facts abundantly appears from the minutes of the board and no motion was made to suspend or quash. The law establishes relator's right. In such case an alternative writ would accomplish nothing. The appeal is accordingly dismissed.