Barber, Appellant, *v.* Wm. H. Horstman Co.

254

Argued January 7, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Jay W. Sechler,* for appellant.

*Arthur Littleton,* for appellee, was not heard.

Per Curiam, January 28, 1929:

This is an appeal from an order of the court below quashing a writ of alternative mandamus, allowed on the prayer of George F. Barber, in a proceeding to regain the offices of vice-president and treasurer of defend-

ant company, from which positions he alleges he was unlawfully removed by the board of directors of that corporation.

Plaintiff, in the petition for the mandamus, after a lengthy recital of facts concerning the original incorporation and subsequent reorganization of defendant company, his long-continued connection therewith, and alleged material financial sacrifices made by him to serve it, averred he had last been elected to the offices now in question on "the second Tuesday of February, 1928, for the succeeding year ending the second Tuesday of February, 1929," at a fixed annual salary and with the right, under given conditions, to certain extra compensation; that, in October, 1928, after notice to him, the board of directors of defendant corporation passed the following resolution: "Resolved, that it is the opinion of this board that it is for the best interests of the company that the resignation of George F. Barber as vice-president and treasurer of the company be, and it is hereby forthwith requested, provided however, that said George F. Barber shall be paid a sum equivalent to his salary from the present date up until the date of the next annual meeting; and resolved further, that said George F. Barber shall be relieved of his duties as such vice-president and treasurer immediately"; that, although plaintiff has been willing to perform the duties of his offices and has applied for leave to do so, all of his demands in that respect "have been either ignored or refused." He prayed that defendant corporation and its directors and officers, naming them, should be ordered "forthwith to restore him to his positions as vice-president and treasurer ......[and] to assign [him] to the proper duties incident to the said offices; [further,] to allow him to receive the pay and emoluments incident to said offices."

The action of the court below was proper because, in the first place, there is nothing in the by-laws of defendant corporation or in the facts averred in his petition to take the case out of the general rule that "officers se-

lected by the directors may be removed by them without any cause being assigned," quoted in the opinion of the court below, which adds that "this is true of [officers] of a corporation chartered under the Act of 1874 [and] the amending statute of May 14, 1891, P. L. 61," and cites Savidge on Pa. Corporations, vol. 1, p. 644, section 805; Brindley v. Walker, 221 Pa. 287, 292-3; Spahn v. Bielefeld & Spahn Co., 256 Pa. 543, 547.

Next, as noted in the opinion of the court below, it is evident that "something less than" an actual ouster from office was intended by the resolution in relation to plaintiff passed by defendant corporation; this is made additionally plain by the fact that plaintiff's salary was not stopped and by the admission of his counsel, at the bar of this court, that the offices in question have not been filled by defendant corporation pending the expiration of plaintiff's current term.

Under the above circumstances, mandamus is not the proper remedy, which, in itself, would be a sufficient reason for quashing the writ. As recently said by us in Independent Brewing Co. v. Colonial Trust Co., 273 Pa. 12, 16-17, "The writ of mandamus issues only in case of necessity; where there is doubt of its necessity or propriety, it will not go." Here, if defendant company has broken its contract with plaintiff, he has an adequate remedy at law, entirely aside from mandamus, and therefore no necessity exists for the use of that extraordinary writ.

True, in Spahn v. Bielefeld, supra, where, as here, an officer of a private corporation, claiming to have been improperly ousted from his office, proceeded by mandamus, and where, as here, the writ was quashed, we said that, if a contest over an office did not go to the relator's original title but concerned only the legality of an alleged ouster, mandamus, not quo warranto, was the proper remedy; but we were then speaking generally and merely meant to say that, in a case where one or the other of these remedies might apply, as between the two,

mandamus would be the proper one, and did not mean to intimate that either was the appropriate remedy to be used by an officer claiming to have been improperly removed by a private corporation, to have the rights accruing to him upon such removal adjudged.

The order appealed from is affirmed.