## Miller v. Berks County Employes' Retirement Board

*George B. Balmer*, for plaintiff.

*James W. Bertolet*, for defendant.

MAYS, P. J., October 10, 1950.—Plaintiff, known as the Director of Recreation of Berks County, filed a petition for mandamus. He avers that he is entitled to participation in the retirement plan of the Berks County Retirement Board. An alternative writ was directed to issue, whereupon defendants in their answer filed, inter alia, denied that plaintiff was an employe of Berks County, and not being so, was not entitled to participate in the retirement plan.

The parties, by proper agreement filed March 1, 1950, dispensed with trial by jury and requested that the trial judge enter such judgment as shall be neces-

sary and requisite to enforce his decision under the agreement.

## Issue

There was but one question raised, viz., is plaintiff, Director of Recreation of Berks County, an employe of Berks County and entitled to participate in the benefits of the Fourth Class County Retirement Act on the basis of his salary?

## Findings of Fact

1. Plaintiff, Lloyd H. Miller, is a resident of Berkshire Heights, Spring Township, Berks County, Pennsylvania.

2. The County Commissioners of Berks County, in 1935, under statutory authority, created the Berks County Recreation Board.

3. The Berks County Recreation Board, with the consent and approval of the county commissioners, employed plaintiff as Director of Recreation for Berks County.

4. Defendant, the Berks County Retirement Board, was established January 1, 1942, under provisions of the Fourth Class County Retirement Law.

5. Plaintiff receives a salary paid in regular periodic installments and is not paid on a per diem basis.

6. Plaintiff made demand on defendant to become a member of the Berks County Retirement System, which demand was refused.

7. Plaintiff tendered to defendant the amount of money for which he would be indebted to defendant upon becoming a member of the Berks County retirement system.

8. The salary of plaintiff is paid to him on the fifteenth and thirtieth of the month. During June, July and August, when he is on full time, he received $200 each month, and during the other nine months, when he is not on full time, he receives $100 a month.

## Discussion

Defendant makes the contention that plaintiff is not entitled to become a member of the retirement system because he is not an employe of Berks County; and even if it were held that he was an employe, he does not come within the contemplation of the act in that his salary or compensation is not paid in regular periodic installments. In Bachtlin et al. v. Mayor and Council of the City of Reading et al., 40 Berks 169, this court held that the employes of the City of Reading Public Library were entitled to participate in the city pension fund. The attorney for defendant predicates his argument by saying:

"If the only question in this case were whether plaintiff is an employe of Berks County, then the present writer has no doubt but that this court, if it chose to be consistent with its decision in the Reading Public Library case (Bachtlin et al. v. Mayor and Council of City of Reading et al., 40 Berks 169 (1948)), would and should hold the instant case to be sufficiently similar to the library case so as to come under its theory"; but then makes the contention that he is not a county employe in that he is not paid in regular periodic installments.

The only difference between the case just referred to and the present case arises from the fact that in the library case the employes of the library were paid regular checks by the City of Reading, while in the instant case the recreation board, from monies appropriated by the county to the recreation board, pays plaintiff. This, however, does not change the situation. The appointment of plaintiff was made with the consent and approval of the county commissioners and through all these years he has been recognized as the director of recreation, and has been paid from monies which are appropriated to the recreation board.

Section 653 of the General County Law of May 2, 1929, P. L. 1278 as amended by the Act of May 26, 1943, P. L. 613 provides:

"The members of a . . . recreation board . . . shall elect their own chairman and secretary, and select all other necessary officers to serve for a period of one year, and may, with the consent and approval of the county commissioners, employ such persons as may be needed as authorized by this act."

Section 656 of the same act, as amended, inter alia, provides:

"All expenses incurred in the operation of such . . . playgrounds . . . shall be payable from the treasury of such county."

Whether he, under this act, should have been paid directly by the county or in the manner as has been done, we need not discuss. It is sufficient to say that he was employed by the recreation board with the consent and approval of the county commissioners and that he is now the Director of Recreation for Berks County. Surely he is an employe of Berks County. The commissioners have control of not only plaintiff but the recreation board. Control of the employes is significant in ascertaining for whom the employe works, and such control must not be understood to mean the mere authority to give immediate orders. We said, in Bachtlin v. Mayor, supra, at page 173,

"For instance, a tipstaff of the county court is appointed by the judges thereof, and takes orders only from them. He is not, however, an employe of the court or of the judges thereof; he is, it is true, an appointee of the court and receives his orders only from the judges, but he is an employe of the county which he serves and which is liable for his compensation."

Plaintiff, here, was appointed by the recreation board which he serves in the operation of the Recreation Department of Berks County. He takes his orders from

them but after all he works for the county and his tenure of service is always subject to the control of the commissioners. The recreation directors cannot be plaintiff's employers, for they are themselves but the agents of Berks County.

Section 2 of the Fourth Class County Retirement Law of July 8, 1941, P. L. 298, as amended, 16 PS §331.2, defines a county employe as follows:

" 'County employe', any person, whether elected or appointed, who is employed by the county, the county institution district, in the county prison, or in any other institution maintained by the county from county moneys, whose salary or compensation is paid in regular periodic installments, but shall not include any person paid on a per diem basis . . ."

I cannot agree with the contention of defense counsel that "Installments of salary that jump from one figure for the first part of the year to a substantially larger amount in the summer months and then back again, are not regular; and, accordingly, that plaintiff does not meet the requirements of the Fourth Class County Retirement Law."

"Regular" in its ordinary and popular meaning is the clear antonym of "casual" or "occasional". A thing is regular when it is steady and permanent for more than a single piece of work. "Regular" is derived from "regula" meaning a rule and its first and legitimate signification, according to Webster, is comformable to a rule; agreeable to an established rule, law or principle, to a prescribed mode . . . (See Zulich et al. v. Bowman, 42 Pa. 83-87.)

Here, plaintiff receives periodic payments for work which is to be performed at stated intervals without further engagement. Even if the payments vary, the employment is at least steady or uniform in course, practice or occurrence.

428

*Conclusions of Law*

1. Plaintiff is a county employe within the terms of the Act of July 8, 1941, P. L. 298, 16 PS §331.1 (ff).

2. Plaintiff is entitled to membership in the Berks County employes' retirement system.

3. The verdict is entered in favor of plaintiff in accordance with the prayer of the complaint.

4. The Berks County Employes' Retirement Board is ordered to admit plaintiff to membership in the Berks County employes' retirement system, as of the date of the establishment of the system, upon the payment of such amount as is due by plaintiff to the board.