## Byczko v. Brann

*Richard S. Hoffman,* for plaintiff.
*Guy T. Matthews,* for defendants.

BIESTER, *J.,* August 15, 1980—

## FINDINGS OF FACT

1. The Middletown Township, Bucks County, Municipal Authority (authority) was formed pursuant to the Municipality Authorities Act of May 2, 1945, P.L. 382, as amended, 53 P.S. §301 et seq.

2. Middletown Township by Ordinance 75-27, adopted October 23, 1975 and effective November 1, 1975, assumed the assets, liabilities, rights and duties of the authority.

3. The township and the authority entered into a management agreement on October 23, 1975, effective November 1, 1975, whereby the authority agreed to act in an advisory capacity with respect to water and sewer matters.

4. On July 27, 1977 the township supervisors appointed plaintiff to an entity described as the "Middletown Township Water and Sewer Advisory Board" with a term of office to expire January 1, 1981.

5. On August 12, 1977 plaintiff executed a loyalty oath pertaining to his duties as a member of the "Water and Sewer Advisory Board."

6. On February 12, 1980 the township supervisors removed plaintiff from the "Middletown Township Water and Sewer Advisory Board."

## DISCUSSION

Defendants raise the preliminary question as to whether mandamus or quo warranto is the appropriate remedy in the case at bar. Under the circumstances of this case we believe mandamus is the proper remedy. The issue raised by plaintiff is the legality of his removal from a public office prior to the expiration of his term rather than his right to hold the office. Where the question before the court is so limited, mandamus is the appropriate remedy.

"The distinction between mandamus and quo warranto is not always susceptible to precise definition and demarcation. Where a public office is contested, the applicability of one remedy or the other is largely dependent on the operative circumstances of the case. In the subject case, plaintiff is seeking to compel his reinstatement to an office he heretofore properly held. If he properly holds the office of member of the Board according to the law, then mandamus is the proper remedy to effectuate such reinstatement and the defendants' preliminary objections as to this complaint must be dismissed.

"We believe that mandamus is the proper remedy because of the circumstances under which plaintiff seeks relief. If plaintiff is legally a member of the Board as his complaint alleges—since no successor has been 'appointed and qualified'—, then he is owed a legal duty by the Board to be seated and paid, and mandamus can be used to compel the performance of such duty.

"Our Supreme Court over seventy years ago concluded that where a school director has been ousted from office improperly, and even though a 'successor' had been duly elected to fill the 'vacancy', mandamus was the proper remedy to gain reinstatement. 'It is very earnestly argued by appellants that mandamus will not lie and that the only remedy is by quo warranto against the person elected to fill the supposed vacancy. It would be sufficient answer to cite the precedent of Zulich v. Bowman, supra, but the remedy is clear on principle. There is no contest as to the relator's original title to his seat under a valid election, but only as to the legality of his ouster. If this was not valid, he never has been ousted at all, and mandamus is the proper remedy to prevent his further unlawful exclusion. We have

nothing to do with the title of his alleged successor who was apparently elected by the board to fill a vacancy that did not exist. This cannot affect the relator. He was admittedly elected to the office, has never been out of it in contemplation of law, and the mandamus simply compels the respondents to recognize his established right.' Commonwealth v. Gibbons, 196 Pa. 97, 101, 46 A. 313, 314 (1900).

"We conclude that the Gibbons holding is still the law of Pennsylvania today and are reinforced in our belief by a more recent pronouncement of our Supreme Court in Bentman v. Seventh Ward Democratic Executive Committee, 421 Pa. 188, 218 A. 2d 261 (1966). The principal ruling of that case held that certain political party officials performed functions essentially public in character so as to permit such officials to seek relief via a complaint in mandamus to compel reinstatement when illegally removed. As to the instant case, the significance of the Bentman decision lies in its express declaration that 'mandamus, not quo warranto, was the appropriate action. In mandamus, the chief issue is the propriety of the removal from office; in quo warranto the chief issue is the right or title of one person or another to the office, not the propriety of the removal.'" Gernert v. Lindsay, 2 Pa. Commonwealth Ct. 576, 579-581 (1971).

The basic question in this controversy is to what entity, if any, plaintiff was appointed. If he was appointed to the Middletown Township, Bucks County, Municipal Authority, certain rights inhere in that appointment and plaintiff can only be removed from the authority by court order under procedures concededly not followed by the township in the instant case. Otherwise he serves at the plea-

sure of the appointing authority: Pennsylvania Const., Art. 6, §7.

The minutes of the township in each reference to the appointment of plaintiff, his oath of office, his removal and the appointment of his successor are all to an entity described as "the Water and Sewer Advisory Board." The record is devoid of any information respecting the creation of such a board and apparently no such denominated board was ever formally created by the township.

Compounding the problem is the fact that the township assumed the rights and obligations of the authority and upon doing so contracted with the authority to engage its services to be advisor to the township on water and sewer matters. Since that contract the township has referred to and has sought and received advice with respect to water and sewer matters from members of the board of the authority.

Even further confusing the issue is the history of appointments to the so-called Water and Sewer Advisory Board and for the authority. In one instance a person was appointed to the authority. In another instance a person was appointed to both the authority and the Water and Sewer Advisory Board, and in the instant case plaintiff was appointed to the WVattater and Sewer Advisory Board only.

It is the position of plaintiff that if there is no Water and Sewer Advisory Board, in light of the assumption of responsibilities by the authority to advise the township with respect to water and sewer matters and notwithstanding the name of the entity to which he was appointed he was effectively appointed to serve on the authority and thereby gained the protective rights of continuity of

service which inhere in authority members pursuant to section 309B of the Municipality Authorities Act.

An authority is not another arm of the township's government. Once properly created it is an independent agency of the Commonwealth of Pennsylvania and part of the Commonwealth's sovereignty: Com. v. Erie Metropolitan Transit Authority, 444 Pa. 345, 281 A. 2d 882 (1971). An authority is a body politic and corporate and is invested with statutorily prescribed powers and responsibilities. The Municipality Authorities Act sets forth the method of incorporation, the appointment, and removal of members of an authority. What is intended in the creation of an authority is a high degree of independence from other municipal governments. It is an entity of special stature and with broad powers. We do not believe therefore that an appointment to serve on the board of a municipal authority may be achieved by inference, implication, or estoppel. Therefore, the appointment of plaintiff to an entity not specifically denominated Middletown Township, Bucks County, Municipal Authority cannot be deemed to be tantamount to or in fact an appointment to the authority. Therefore plaintiff's action must fail.

It is regrettable that the township did not formally create a water and sewer advisory board if that was its intent. The circumstances leave a great deal to be desired in terms of clarity respecting the existence, functions, responsibilities and powers of any such board notwithstanding the fact that several persons have been appointed to it and many persons believe that they are serving on it. Regrettable as that situation may be we do not believe that an appointment to an entity as independent as, and

with the stature of, a municipal authority can be accomplished by inference, implication, or estoppel.

### ORDER

And now, August 15, 1980, for the reasons expressed in the foregoing opinion, judgment is entered in favor of defendants and against plaintiff.