Re Investigation of Paul J. Sherwood, Appellant.

*Attorneys—Improper conduct—Breach of fidelity to court—Misbehavior in office—Charge of prejudice against judges—Remarks in argument in Federal Court for removal of cause from Common Pleas Court—Privilege—Constitution of United States, Sec. 2, Art. III—Act of Congress of March 3, 1911.*

1. A court has power to strike the name of a member of the bar from the roll for official misconduct in or out of court, irrespective of where the misconduct occurs. A state court may disbar one of its attorneys for misconduct committed in a Federal Court or in any other state court.

2. The purpose of Art. III, Sec. 2 of the Constitution of the United States extending to the Federal courts jurisdiction in controversies between citizens of different states, was to secure for controversies between citizens of different states a tribunal independent of local influences and surroundings, whether the questions for determination are of fact or law, and it was in pursuance of such purpose that the Act of Congress of March 3, 1911, 36 Stat. 1094, was passed, providing that a defendant in a suit in a state court may remove it to the proper Federal court at any time before the trial thereof, if it shall appear to said court that he will not, from prejudice and local influence, be able to obtain justice in the state court.

3. The right of removal from a state court, on the ground of local prejudice, is not confined to prejudices which may affect a jury but extends to those which may influence a judge.

4. The test as to whether remarks made by an attorney in derogation of the judges of a Common Pleas Court during the course of an argument for the removal of a cause to the Federal courts on the ground of local prejudice, constitute misbehavior in his office as attorney is not whether the words spoken are true, but whether they were spoken in the course of a judicial proceeding and were relevant or pertinent to the subject or cause of inquiry.

5. A statement made by a member of the Luzerne County Bar in the United States District Court during the course of an argument in support of a rule to remand to the former court a cause which had been removed to the district court, to the effect that "the five judges of the Luzerne court are so prejudiced that Stough (the defendant) could not get a fair trial in our courts," was privileged, since the Act of Congress required his client to show that prejudice existed in order that the cause be removed, and what was said was

relevant and pertinent to the subject of the inquiry and was supported by affidavits; and an order suspending such attorney from office for six months was reversed.

Argued April 9, 1917.   Appeal, No. 287, Jan. T., 1916, by respondent, from order of C. P. Luzerne Co., May T., 1916, No. 281, striking defendant's name from record as an attorney for a period of six months in re Investigation of certain statements alleged·to have been made by Paul J. Sherwood, Esq., a member of the Luzerne County Bar.   Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ.   Reversed.

Rule to show cause why respondent should not be removed from the office of attorney for breach of fidelity to the court and misbehavior in office.   Before BARBER, P. J., specially presiding.

The facts appear by the opinion of the Supreme Court.

The lower court made an order suspending respondent from office for a period of six months.   Respondent appealed.

*Error assigned,* among others, was the order of the court.

*James Scarlet* and *R. W. Archbald,* for appellant.—It is the motive that makes an invasion of the judges' rights a breach of professional fidelity: Ex parte Steinman & Hensel, 95 Pa. 220.

The words alleged to have been spoken by the respondent were privileged: Hoar v. Ward, 3d Met. (Mass.) 193; Detroit City v. Detroit City Ry. Co., 54 Fed. Repr. 1; Ellison v. Louisville & N. R. Co., 112 Fed. Repr. 805; Johnson v. State, 112 S. W. Repr. 143; Moses v. Julian, 45 N. H. 52.

*Evan C. Jones,* amicus curiæ, with him *John R. Halsey, Anthony L. Williams* and *Edwin Shortz, Sr.,* Board of Censors Law and Library Association, for appellee.—

Courts have jurisdiction and power upon their own motion without formal complaint or petition, in a proper case to strike the name of an attorney from the roll, provided he has had reasonable notice and opportunity to be heard: Ex parte Steinman and Hensel, 95 Pa. 220; Smith's App., 179 Pa. 14; Scouten's App., 186 Pa. 270.

OPINION BY MR. CHIEF JUSTICE BROWN, January 7, 1918:

In June, 1914, Henry W. Stough, a citizen of the State of Illinois, and a peripatetic evangelist, conducted a series of largely-attended public meetings in the City of Hazleton, this State. In the course of his addresses or sermons he referred to four residents of the city in terms regarded by them as slanderous, and each one of them brought an action against him in the court below. In March, 1916, he presented his petitions to the United States District Court for the Middle District of Pennsylvania, setting forth that, from prejudice and local influence in favor of each of the plaintiffs in said actions, and adverse to him, he would not be able to obtain justice in the court below, or any other court in the State to which he might, under its laws, have a right to remove the said causes of action, on account of said prejudice and local influence; and the prayer of each petition was for an order removing the cause to which it referred from the Court of Common Pleas to the Federal court. These petitions were presented under the provisions of Section 28 of the Judicial Code of the United States, Act of March 3, 1911, c. 231, 36 Stat. at L. 1094, which are in part as follows: "Any defendant, being such citizen of another state, may remove such suit into the District Court of the United States for the proper district at any time before the trial thereof, when it shall be made to appear to said District court that, from prejudice and local influence, he will not be able to obtain justice in such State court." "And at any time before the trial of any suit, which is now pending in any District court, or

may hereafter be entered therein, and which has been removed to said court from a State court, on the affidavit of any party plaintiff that he had reason to believe and did believe that, from prejudice or local influence, he was unable to obtain justice, in said State court, the District court shall, upon the application, examine into the truth of said affidavit, and the grounds thereof; and unless it shall appear to the satisfaction of said court that said party will not be able to obtain justice from said State court, it shall cause the same to be remanded thereto." Writs of certiorari were allowed by the United States District Court, and the records of the four actions brought against Stough in the Court of Common Pleas of Luzerne County were removed to the Federal court. After such removal and before trial of the causes, counsel for three of the plaintiffs moved the court to remand them to the Court of Common Pleas. Upon argument of these motions before the United States District Court, Paul J. Sherwood, Esq., a member of the Luzerne County bar, who had appeared in the local court as counsel for Stough, was alleged to have said, "the five judges of the Luzerne court are so prejudiced that Stough could not get a fair trial in our courts." This alleged statement having been brought to the attention of the judges of the Court of Common Pleas of Luzerne County, Evan C. Jones, Esq., a member of the bar of that court, was appointed amicus curiæ to make investigation and report. He reported that, upon information given him by three reputable persons, worthy of credence, the said Sherwood, who appeared as counsel for Stough in the United States court, had stated on March 27, 1916, during the argument upon the motions to remand, before Hon. C. B. Witmer, judge of the United States court, in substance, "The five judges of the Luzerne court are so prejudiced that Stough could not get a fair trial in our courts." Thereupon a rule was granted on the appellant to show cause why he should not be removed from his office of attorney, for

breach of fidelity to the court and for misbehavior in his said office. An answer was filed to this rule and much testimony was taken before the President Judge of the Fifty-sixth Judicial District, specially presiding. After a patient hearing he found that the appellant had used the language upon which the rule to show cause was granted, and adjudged him guilty of breach of fidelity to the court and of misbehavior in his office of attorney. This was followed by an order suspending him from such office for a period of six months. From that order there has come his appeal.

The misconduct charged against the appellant, and for which he was disciplined, was not for contempt of the court below, committed in another court, and the question before us is not as to jurisdiction over alleged contempt there committed. He was charged and found guilty of a breach of fidelity to the court below and of misbehavior in his office as one of its attorneys. If he was guilty of either or both of these offenses, it had undoubted jurisdiction of the proceeding instituted against him, no matter where he offended. When he presented himself to the court below for admission to the bar, he made solemn oath, as required by the statute, that he would behave himself in his office as attorney within it with all due fidelity to it. This obligation was upon him in the United States court when he uttered the words which led to the charges against him. He was there and then acting as an attorney-at-law, in connection with proceedings which had been instituted in the Court of Common Pleas of Luzerne County, and in which he had appeared for the defendant; and the correct conclusion of the learned judge below was that it was impossible to sever his conduct from his professional relation to the court in which the suits against Stough had been brought. "All of the acts of the respondent which gave rise to the charges against him, were committed in conducting his legal business as an attorney . . . . . . From the very nature of his office, and its relation to the

public and the court, a lawyer who enters at his own solicitation by the front door subjects himself to ejection by the back one, if he do not 'behave himself well'": Smith's App., 179 Pa. 14; and "no question can be made of the power of a court to strike a member of the bar from the roll for official misconduct in or out of court": Ex parte Steinman and Hensel, 95 Pa. 220.   "It is unimportant as affecting the right and duty of the court in the premises where the misconduct of the attorney occurs": FELL, C. J., in In re Graffius, 241 Pa. 222.   "A state court may therefore disbar one of its attorneys for misconduct committed in a Federal court, or in any other state": People v. Green, 9 Colo. 527; Thornton on Attorneys, Sec. 770.   The jurisdiction of the court being clear, the only question for consideration now is whether what was charged and clearly proven against the respondent constituted a breach of fidelity to it and misbehavior by him in his office as one of its attorneys.

By Section 2, Article III, of the Constitution of the United States, the jurisdiction of the Federal courts is extended to all controversies in law and equity between citizens of different states.   The manifest reason for this provision was apprehension by the framers of the Constitution that prejudice or local influence might operate in the courts of one state against a citizen of another, and its purpose is to secure for controversies between citizens of different states a tribunal independent of local influences and surroundings, whether the questions for determination are of fact or law.   In pursuance of it the Act of Congress of March 3, 1911, was passed, providing that a defendant in a suit in a state court may remove it to the proper Federal court at any time before the trial thereof, if it shall appear to said court that he will not, from prejudice and local influence, be able to obtain justice in the state court.   The right of removal to a Federal court, on the ground of local prejudice, is not confined to prejudices which may affect a jury, but extends to those which may influence a judge: City of

Detroit v. Detroit City Ry. Co., 54 Fed. Rep. 1; Ellison v. Louisville & N. R. Co., 112 Fed. Rep. 805.

The learned judge below correctly said: "The single issue in this case is whether the respondent made use of certain words in his argument in the District court." If he was to be adjudged guilty of misbehavior in his office as an attorney, it was because he there used those words. However unseemly his conduct may have been in and out of court in connection with his answer to the rule taken upon him, the sole questions before the court were, Did he use, in the Federal court, the words charged against him, and, if he did, was his utterance of them misbehavior in his office as an attorney? Nothing else was to be considered by the court below, and there is nothing else for our consideration. It found, upon all sufficient evidence, that the appellant had, on March 27, 1916, said in the District Court of the United States at Scranton, "The five judges of the Luzerne court are so prejudiced that Stough could not get a fair trial in our courts." Were these words, under the circumstances, privileged? If they were, the appellant was not technically guilty of misbehavior in his office as an attorney. His bad taste in using them is not the question in the case. His professional brethren may justly regard him guilty of that offense, but his loss of their respect is the only penalty for it, if the language used was privileged under the law.

The test of the appellant's privilege is not whether the words spoken were true, but whether they were spoken in the course of a judicial proceeding and were relevant or pertinent to the subject or cause of the inquiry: Hoar v. Wood, 3 Met. 193. The right of Stough to remove to the United States courts the suits brought against him in the Common Pleas of Luzerne County was purely statutory, and the condition of the act of congress upon which he could remove them was that he should make it appear to the Federal court that, from prejudice and local influence, he would not be able to obtain justice in

the State court.   In his petitions to the United States
court, asking for the removal of the suits to it, he averred
that, from prejudice and local influence in favor of the
plaintiffs and adverse to him, he would not be able to
obtain justice in the courts of Luzerne County, or in any
other State court to which he might, under the laws of
the State, have a right to remove the same on account of
such prejudice or local influence.   This petition was
supported by two affidavits, and the suits were removed
to the Federal court.   Subsequently the respective plain-
tiffs moved to remand them to the State court, and, in
opposition to this, affidavits of residents of Luzerne
County were filed, with the court's permission, charging
such prejudice and local influence against the defendant
as would make it impossible for him to obtain justice in
the State court; and these affidavits, in effect, charged
that the prejudice or local influence extended to the
judges of the Court of Common Pleas.   This was the
situation in the Federal court when the appellant used
the language for which the court below found him guilty
of misbehavior in his office as an attorney.   As already
stated, prejudice and local influence, within the contem-
plation of the act of congress, are such as affect judges
as well as jurors, and we are, therefore, constrained to
hold that, in view of the averment in the petition to re-
move the suits to the Federal court, and of what ap-
peared in the affidavits filed in opposition to the motions
to remand them, the appellant was privileged in saying
what he did in resisting the effort to have the suits
against his client remanded.   He was charging, with
affidavits apparently supporting him, what the act of
congress required his client to show, if the suits were to
remain in the United States court.   What he said was
spoken in the course of a judicial proceeding, and was
relevant and pertinent to the subject or cause of the in-
quiry.   The rule taken against him was for certain lan-
guage used by him in the Federal court, and for nothing
else, and, on his appeal from the order suspending him

from his office as an attorney, we must confine ourselves to it. Being of opinion, for the reason just given, that the appellant was within his privilege in making a disrespectful criticism of the learned and upright court below, the order from which he has appealed must be reversed.

Decree reversed, the costs below and on this appeal to be paid by the County of Luzerne.