## Rosenbaum's Case.

Argued May 12, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*A. Wernick,* of *Evans & Wernick,* for appellant.

*John Hampton Barnes,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 27, 1930:

Respondent, Oscar Rosenbaum, has filed exceptions, as our rules provide, to the report of the Board of Governance of the Bar, recommending that he be suspended from the practice of the law for a period of one year, and thereby asks us to review their finding.

The Board of Governance had its origin with the Bar of the State and was appointed by us upon its representation that such a body would greatly aid in maintaining proper standards of conduct and practice among its members and enable the profession to discipline itself. Their findings come to us carrying weighty presumptions of justice and propriety.

The report of the committee of standing masters who examined into the charges against respondent sets forth that he represented Abraham Berliner and Minnie, his wife, that the husband was being pressed by creditors, that respondent advised the husband to turn all his property over to his wife, which was done, and the wife immediately thereafter engaged in business under the name of the Star Shoe Fitting Company and respondent registered her under the Fictitious Names Act with the secretary of the Commonwealth and the prothonotary of the Court of Common Pleas of Philadelphia County. In preparing the applications for her registration, the respondent had her swear that she was the sole owner of the business which she desired to register, which the respondent knew to be false. He not only prepared the application for Mrs. Berliner to register the business and advised her to sign it, but also took her affidavit thereto, he being a notary at the time. The hearing masters and a majority of the Board of Governance condemned the conduct of the respondent as unethical and

recommended suspension from practice as heretofore set forth.

It is contended in respondent's behalf that as the property turned over to the wife was in value less than the amount of the exemption which Berliner could have claimed as against his creditors, they were not really defrauded by what was done. Technically this may be so, but such an excuse is of no avail in this kind of proceeding, where the ethical conduct of a member of the bar and his alleged misconduct are under investigation by his fellows and are being reviewed by us. Moreover, he is not being disciplined for the advice to the husband to fraudulently make away with his assets, but for causing the wife to make an affidavit which he knew to be false.

It is also urged upon us that the circumstances under consideration occurred several years ago and that no misconduct has been shown in the meantime. As to this, it is sufficient to say that his dereliction did not become known until he was compelled to disclose it when testifying as a witness before one of the judges of the Orphans' Court of Philadelphia, who brought the matter to the attention of the committee of censors of the law association of that county, who in turn laid it before the Board of Governance.

Under the facts disclosed, indeed admitted by respondent, we are of opinion that the conclusion and recommendation of the committee of standing masters, approved by a majority of the Board of Governance, are proper and they are accordingly affirmed, and the respondent, Oscar Rosenbaum, is suspended from the practice of the law for a period of one year from the filing of this opinion.