## Hurst's Case.

Argued November 28, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Chas. E. Workman,* for appellant.

*Charles L. Miller* and *Joseph B. Wissler,* for appellees, were not heard.

PER CURIAM, January 7, 1935:

This appeal is taken under the Act of March 5, 1925, P. L. 23, from an order of the Court of Common Pleas of Lancaster County discharging a rule raising the question of the court's jurisdiction.

On June 9, 1934, upon petition of the board of censors of the Bar Association of Lancaster County, setting forth complaints of unprofessional conduct on the part of M. Edna Hurst, a member of the bar of that county (but not admitted to practice in this court), the court appointed examiners to take testimony and granted a rule on respondent to show cause why she should not be disbarred, general exceptions being taken at bar on respondent's behalf. We learn from the opinion of the court below that at this time respondent's attorney orally objected to the jurisdiction of the court of common pleas to conduct disbarment proceedings for alleged misbehavior by respondent in the court of quarter sessions. The objection was not formally pleaded, however, until September 21, 1934, when the examiners sat to hear testimony. Appellant then presented a petition questioning the court's jurisdiction to hear and determine "any of the charges alleged against your petitioner . . . except those only which concern her conduct or misconduct in the court of common pleas."

The court below correctly held that it had jurisdiction, both over respondent, who had entered a general appearance and been duly served (Lackawanna Co. v. James et al., 296 Pa. 225, 227), and over the cause of action. The action concerned appellant's fitness to hold the public office of attorney at law, and allegations of misbehavior therein. We have no doubt as to the authority of the court of common pleas in disbarment proceedings to investigate and pass upon the conduct of its attorneys in other courts, and to take appropriate action in regard to offenses committed in the court of quarter sessions or any other court, or elsewhere. In Sherwood's Investigation, 259 Pa. 254, this court sustained the jurisdiction of the court of common pleas to disbar an attorney for an alleged breach of fidelity to it and for misbehavior in office where the act complained of took place in a federal court. We there said (page 258): "If he was guilty of either or both of these offenses, it [the court of common pleas] had undoubted jurisdiction of the proceeding instituted against him, no matter where he offended." See also In re Graffius, 241 Pa. 222, 224, where we said: "It is unimportant as affecting the right and duty of the court in the premises where the misconduct of the attorney occurs." See also Snyder's Case, 301 Pa. 276.

Appellant bases her argument in this court largely on cases concerning actions for contempt of court, which, as was said in the Sherwood Investigation, supra, is an entirely different matter. Nor do questions of the propriety of introducing in evidence against respondent matters to which she refers on this appeal affect the court's jurisdiction over the cause of action. As was said in Koontz v. Messer et al., 314 Pa. 434, 436 (quoting from Lackawanna Co. v. James et al., supra), the Act of 1925 "was not intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings . . ."

The order of the court below, discharging respondent's rule, is affirmed. Costs to await the final outcome of the proceedings.