LAND, Justice.
 

 A petition for disbarment of defendant was filed in this court April 10, 1934, by the Supreme Court Committee on Professional Ethics and Grievances at that time appointed by this court.
 

 Under Act No. 10 of the Second Extra Session of the Legislature of 1934, the State Bar •of Louisiana, a public corporation, was duly organized, with a Board of Governors.
 

 On January 2, 1935, by amending Rule XVIII, this court substituted the Board of Governors of the State Bar of Louisiana as its committee to carry out the same duties previously intrusted to the preceding committee.
 

 Defendant has filed a motion to dismiss the suit on the ground that the preceding committee is no longer in existence, and is therefore without right or authority to proceed further with the prosecution of the suit.
 

 The Board of Governors of the State Bar of Louisiana has been ordered by this court to show cause why this disbarment proceeding should not be dismissed, and opposes the dismissal of same.
 

 Section 10 of article 7 of the Constitution of 1921 provides that:
 
 “It
 
 [the Supreme Court] shall have exclusive original jurisdiction in all disbarment cases involving misconduct of members of. the bar, with the power to suspend or disbar under such rules as may be adopted by the court,” etc.
 

 The language of the Constitution, therefore, leaves no doubt that this court has “exclusive original jurisdiction in all disbarment cases * * * under such rules as may be adopted by the court.”
 

 The provisions of Act No. 10 of the Extra Session of 1934, which refer to disbarment and misconduct of members of the bar, are in sections 25, 26, 27, and 28; but we do not find in these sections, or elsewhere in the statute, any provision attempting or purporting to interfere with the Supreme Court’s jurisdiction or authority in the premises.
 

 Manifestly, the mere appointment of a new committee by this court- cannot and does not affect its exclusive and original jurisdiction in all disbarment proceedings, conferred upon it by the Constitution of the state.
 

 The Board of Governors of the State Bar of Louisiana clearly has the right to pro
 
 *151
 
 ceed with the further prosecution of this suit for disbarment, if it should so determine.
 

 Scott E. Beer, the commissioner appointed by this court, has not been displaced by a new appointment. He, therefore, has the right to hear testimony and to report to the court his findings, looking to the further prosecution of this suit.
 

 The authority of this court to appoint a commissioner to take testimony and to report his findings to the court, in disbarment suits, was upheld in the disbarment suit, entitled In re Heard, 174 La. 563, 141 So. 60, and again in the disbarment suit, entitled In re Fourchy, 175 La. 628, 143 So. 714. An appeal was taken in the latter case to the Supreme Court of the United States, but was dismissed for want of jurisdiction. Fourchy v. Fletchinger, 288 U. S. 589, 53 S. Ct 387, 77 L. Ed. 968.
 

 The motion to dismiss this suit is therefore denied.