## Alexander's Case.

Argued January 17, 1936. Before KEPHART, C. J., MAXEY, DREW, LINN and BARNES, JJ.

*Fred Taylor Pusey,* for appellant.

*John Hampton Barnes,* for Board of Governance, filed no brief.

PER CURIAM, March 23, 1936:

Dr. William T. McGuire lodged a complaint with the Board of Governance, charging appellant with "misfeasance, nonfeasance and malpractice in the office of an attorney of the Supreme Court." The facts which support this charge show that appellant solicited an investment of $10,000 from Dr. William T. McGuire in a first mortgage on an estate over which he had control as attorney, with full knowledge that there was a prior lien and a claim for taxes, which later became a lien, against the property. These liens were never paid off and appellant continued to deceive petitioner as to the legal status of his mortgage though he had been attorney for Dr. McGuire on prior occasions. Because of appellant's actions in this matter Dr. McGuire will suffer a large loss. There was other evidence of unprofessional conduct that need not be repeated.

The hearing masters, after carefully considering all the testimony and appellant's previous history at the bar, found that he "violated his oath in that he did not behave himself in the office of attorney to the best of his ability and with all good fidelity to his client." After a careful review of the record, we concur in their findings. The Board of Governance recommends disbarment. In *Rosenbaum's Case,* 300 Pa. 465, we stated that the

recommendations of the Board come to us carrying "weighty presumptions of justice and propriety."

The power to disbar should always be exercised with great caution: *In re Graffius,* 241 Pa. 222. But as a protective measure to preserve confidence in the courts of justice it must be exercised whenever these regrettable occasions occur: *In re Gottesfield,* 245 Pa. 314; *In re Davies,* 93 Pa. 116; *Ex Parte Wall,* 107 U. S. 265. In *In re Thorne,* 149 N. Y. S. 507, conduct almost identical with that present in this case was held to merit disbarment. The law is well settled that unfaithful or fraudulent conduct by an attorney toward his client, which shows the unfitness of an attorney to handle the affairs of others, is good ground for disciplinary action.

The recommendation of the Board of Governance is approved and the appellant, William Cloud Alexander, is disbarred from the practice of law.