Commonwealth ex rel. Park *v.* Kaiserman et al.,
Appellants.

Argued March 24, 1938. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Anne X. Alpern,* with her *Leo J. Aaron,* for appellants.

*Louis H. Artuso,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 9, 1938:

These are quo warranto proceedings brought at the relation of the district attorney of Allegheny County to determine the right of Nathan Kaiserman, Joseph Di Cenzo, James A. O'Mara and Frank Anzenberger to occupy the offices of councilmen in the Borough of McKees Rocks. To the suggestion answers were filed which met a demurrer by the district attorney. On the issue thus raised the court gave judgment of ouster against respondents, from which they appeal.

The Act of July 18, 1935, P. L. 1290, Sec. 2, which amends The General Borough Act of May 4, 1927, P. L. 519, by adding Sec. 905 (53 PS Sec. 12875), provides: "Right of Council to Declare Seat of Councilman Vacant for Failure to Attend Meetings.—If any person, having qualified as member of council, shall neglect or refuse to attend two successive regular meetings, unless detained by sickness, or prevented by necessary absence from the borough, or if, in attendance at any meetings, shall neglect or refuse to act in his official capacity as a member of council, the remaining members of the borough council may declare his office as member of council vacant."

The borough council consisted of nine members. Frank Gerger, a member, failed to attend two successive meetings of the council, as did George J. Leck and

Michael Pravlochak, Jr. Five other councilmen declared the offices of Gerger, Leck and Pravlochak vacant, and elected Kaiserman, Di Cenzo and O'Mara in their places.

The act provides that "the remaining members of the borough council" may declare the office vacant. In no instance were all the remaining members present when action was taken, never more than five; for this reason the proceedings to vacate the offices were invalid. In *Wells Twp. School District's Directors,* 297 Pa. 242, 146 A. 601, we had occasion to consider the same words, "the remaining members," as applied to school boards and as they appear in the School Code. We said, speaking through the present Chief Justice (p. 245): "Section 214 provides that where there is a vacancy the remaining members of the board shall, by a majority vote thereof, fill such vacancy. 'Remaining members' means all members in office when the vacancies occur, and action by less than that number is not the action of the remaining members. 'Majority vote' of the remaining members contemplates concerted action by those members; at least they must be present in an official capacity attending a meeting at which a given action was taken. Any other construction would make this pointed language of very little weight." Again, in construing a similar provision of the earlier School Code in *Com. v. Gibbons,* 196 Pa. 97, 46 A. 313, we said (p. 100): "The act does not make absence from two regular meetings necessarily a cause for ouster. . . . The act is highly penal. . . . The act therefore must be strictly construed, and every step in the proceedings must clearly appear to have been regular and within the authority conferred by statute."

As we observed in dealing with the School Code, the act now before us is likewise highly penal and should be strictly construed. We therefore conclude that none of respondents was validly elected to office.

The election of Anzenberger was likewise invalid. Baker, who was a member of council, resigned. When this was done, only five qualified members out of the

nine were present. This left only four, less than a quorum. These four could not act to fill the vacancy. The argument is advanced that Baker, although he had resigned, was still a member because the Borough Act provides in section 804 (53 PS Sec. 12674): "Persons elected to borough offices shall serve until their successors are elected and qualified." Obviously, this cannot apply to a member of council who has quit the body by resigning. In *Com. v. Krapf*, 249 Pa. 81, 86, 94 A. 553, speaking of a similar provision in an earlier law, we said: "It applies when a councilman or other borough officer has served the term prescribed by law, and his successor has not been elected and qualified." We further stated (p. 85): "If a vacancy is created by either of the several ways suggested in the act, the former occupant of the position is thereafter no longer a member of the council and necessarily cannot vote to fill the vacancy or on any other matters which may come before the council."

Judgments of ouster affirmed at appellants' cost.