## Commonwealth ex rel. v. Morieka

*James A. Wright*, for plaintiff.
*Cooper & Hunter*, for defendant.

PATTERSON, J., December 26, 1940.—This matter is before the court in banc on a demurrer by respondent to petitioner's suggestion for a writ of quo warranto. In giving it consideration we must take the material averments of the suggestion as facts.

It thus appears that in November 1937 a certain August Barus was elected a member of council of the Borough of Heidelberg, Allegheny County, Pa.; that he duly qualified and attended meetings from January 1938 to December 1939. Since that time he has attended no meetings. In June 1939, the borough council at a regular meeting declared the office of Barus as councilman vacant because he had absented himself from two successive regular meetings. At the same time the council elected respondent, Joseph Morieka, to the vacancy left by Barus' expulsion.

The petition in this case is signed by three qualified electors of the Borough of Heidelberg. An original petition at the relation of Andrew T. Park, District Attorney of Allegheny County, omitted certain material facts, and an amended petition was filed by the said petitioner, and it is to this amended petition that the demurrer is addressed.

It appears from the petition that no notice of the meeting at which he was expelled was ever given to August Barus, nor did he receive any notice that his expulsion was under consideration. This averment as to notice we deem sufficient to require an answer, and, therefore, in our opinion, the demurrer must be overruled.

The action to declare a councilmanic seat vacant under the circumstances here existing is covered by The General Borough Act of May 4, 1927, P. L. 519, art. IX, sec. 905, added by the Act of July 18, 1935, P. L. 1290, sec. 2, as amended by the Act of June 24, 1939, P. L. 689, sec. 1, 53 PS §12875, which provides as follows:

"If any person, having qualified as member of council, shall neglect or refuse to attend two successive regular meetings, unless detained by sickness, or prevented by necessary absence from the borough, or if, in attendance at any meetings, shall neglect or refuse to act in his official capacity as a member of council, the borough council, acting without such person, may declare his office as member of council vacant, and may fill such vacancy as provided in section nine hundred one of this act. For such actions a majority of the remaining members of the council shall constitute a quorum."

The only question raised in the case at bar is that of notice. We have not found, nor have we been referred to, any case which construes this section of the statute with regard to the question of notice. The question was raised in Commonwealth, ex rel. Park, v. Kaiserman et al., 330 Pa. 196, but that case was decided by the appellate court upon another aspect, to wit, the validity of the meeting at which a member's seat was declared vacant. We find, however, that almost precisely the same language was construed in Commonwealth ex rel. v. Gibbons, 196 Pa. 97, 100, in which the court declared the absent member would be entitled to notice and an opportunity to be heard, since the act did not make absence from two regular meetings a

cause for ouster, but only "unless detained by sickness or prevented by absence." This construction related to officers of a school board under the Act of May 8, 1854, P. L. 617, sec. 8, the language of which is reiterated in the School Code of May 8, 1911, P. L. 309, art. II, sec. 221, 24 PS §184.

Since the language of the act involved in the case at bar has been construed in similar legislation, we not only may but should adopt that construction. Wherever the legislature has used the same language in a later statute that it had used in a prior cognate act and the language of the former statute has been construed, the presumption is that the language so repeated is to be given the same construction as it had been given when the earlier statute was considered: Buhl's Estate, 300 Pa. 29, 32; Spangler's Estate, 281 Pa. 118, 123; Bell et al. v. Bell, 287 Pa. 269, 273.

In consonance with this declaratory law is the statutory provision of the Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552. With this tenet of construction applied to the language of the statute herein involved as to notice, we must inevitably conclude that notice of the meeting and of intention to act upon the expulsion of a member of council must be given such member in order that he may have the opportunity to establish whether or not he comes within the exception specified in the statute, namely, whether or not he was detained from attendance at two successive regular meetings by sickness or necessary absence from the borough.

### Order

And now, to wit, December 26, 1940, respondent's demurrer to relator's amended suggestion for writ of quo warranto is overruled and respondent directed to plead to the merits.