The facts are stated in the opinion by FLANNERY, J., of the court below, as follows:
The plaintiff, Walter Lumley, was elected burgess of the Borough of Hughestown in the November election of 1945 for a term of four years beginning on the first Monday of January, 1946, at which time he duly qualified and entered upon the duties of his office.
Early in 1948 it was charged that the plaintiff had failed to attend the regular meetings of council, as required by law; several abortive attempts were made to oust him as burgess and he was deprived of his office. On February 24, 1948, these proceedings in mandamus were instituted.
On March 9, 1948, a paper purporting to be a notice of a hearing by the council scheduled for March 11, 1948, was given plaintiff, under circumstances which will be further described. This alleged notice he ignored. The meeting was held, testimony was taken, and by unanimous vote of those present the office of burgess was for the third time declared vacant.
At the trial plaintiff proved that he had been deprived of his office and rested. Defendants then proceeded to prove the details of the so-called hearing held on March 11, 1948, which evidence was admitted, subject to proof of notice to the burgess. On the failure to prove proper notice, the evidence of ouster was stricken from the record and binding instructions were given for the plaintiff.
Defendants now move for a new trial and assign as the principal reason the court's action in striking from *Page 534 
the record the minutes of the meeting of March 11, 1948, constituting the evidence of ouster.
If the alleged notice of this meeting, as served on the burgess, was valid, the evidence should have been received and the court erred in rejecting it. If the notice was invalid, then the hearing held at the meeting without notice to the burgess, was immaterial and without effect in law and the action of the court in striking the evidence of it from the record was proper.
The validity or invalidity of the notice is, then, the decisive question to be determined here.
The plaintiff was, of course, under a mandatory duty to attend all regular meetings of the borough council. The Borough Code, 1947, P. L. 1621, Secs. 23, 25, 53 PS Secs. 12893, 12931. If he failed to attend two successive regular meetings of the council, unless prevented by necessary absence, the latter had the authority to remove him from office. The Borough Code, supra, Sec. 22, 53 PS Sec. 12875.
It may be noted that the borough code makes no provision for notice of hearing. But in order to determine the necessity of his absence, as provided in the Code, case law requires a hearing and a notice thereof to the defending official that he may be heard. Commonwealth ex rel. v. Morieka, 42 Pa. D. C. 169;Commonwealth ex rel. v. Oslincik, et al., 38 Luz. Leg. Reg. Reports 410; and Commonwealth ex rel. v. Gibbons, 196 Pa. 97.
But no formal notice is required. The Supreme Court inMontgomery County Bar Association v. Rinalducci, 329 Pa. 296, after discussing due process and the principle of law that an attorney could not be removed from office without notice and hearing, stated at page 299: ". . . Where and how notice is to be given, and its form, are left to the sound judgment of the court before whom the attorney practices, as is also the form or manner of hearing. No case attempts to regulate this procedure and each court is, provided some notice and *Page 535 
an opportunity to be heard are afforded, a law unto itself in so far as admission, discipline and disbarment of lawyers are concerned. . . .
". . . a proceeding for professional misconduct may be taken in any way which will sufficiently apprize the attorney of the grounds upon which it is founded, and afford him an opportunity to be heard. . . ."
A brief chronology of the facts may be of interest as shedding some light on the alleged notice here. At a meeting of the borough council on February 12th, 1948, a motion was made to remove the burgess. That was duly seconded and passed and the burgess was notified that his office was vacant. It does not appear that there was any advance notice, any hearing or any other formality. The council itself was impressed with the fatuity of such proceedings and decided to take further action. Pursuant to this, it sent the burgess a formal notice on February 26, 1948. This notice advised him that he had been dismissed and that he was to appear at a special meeting to be held on March 1st, 1948, to consider the action taken on February 12th, last. This he did not do and, we may say, properly so. He was confronted with an accomplished fact. He had already been ousted according to the notice. In any event, it appears that the council again on this date, March 1st, 1948, passed a resolution again ousting him from office.
Meanwhile the burgess had, by complaint filed February 24, 1948, as we have already indicated, instituted these proceedings in mandamus to compel his reinstatement.
On March 9, 1948, the chief of police and the sergeant of police went to the home of the plaintiff and handed him a paper alleged to be another notice for another hearing; this one to be held March 11, 1948. It referred to the relevant provisions of the code, charged him with dereliction of duty and notified him of a hearing to be held on that date. This notice was not signed. It concluded *Page 536 
with the phrase: "Very truly yours" and then blank. There was no seal or other evidence of its authority. Although the Borough of Hughestown has, and uses, official stationery this anonymous communication was not written on the borough stationery. There was nothing authoritative to suggest its origin or source. All this was mysterious enough but the conduct of the police officers added to the confusion. There was not one word of explanation. Nothing was said as to who sent them; by what authority; or for what purpose.
Keeping in mind that the burgess had already been ousted twice; that the matter was now in the hands of the court; that this was the third so-called notice; that it was anonymous; that it was not on borough stationery; that its source was not disclosed — all these infirmities, intrinsic and extrinsic, render it worthless for the purpose sought to be achieved. This has more the aspect of a hoax than a solemn notice of grave charges to a responsible public official.
There is one argument of the defendants left to be considered. It is their contention that even an oral notice would be sufficient. That is academic here. There was no oral notice. The police officers scrupulously refrained from comment. There was no indication to the plaintiff that they knew what the paper contained or where it originated. And if anything the police officers did can be considered equivalent to an oral notice, there is still the defect that such was not in their line of duty; it was something over which they had no authority. An oral notice from the secretary of council, under appropriate circumstances, might have sufficed. But an oral notice from someone not in authority could amount to no more than a rumor and such is not enough.
Under all the circumstances, we are satisfied that the so-called notice does not qualify as such under the law; that the evidence of the March 11th, 1948, meeting was properly excluded from the record and that the *Page 537 
court did not err in directing judgment for the plaintiff.
Wherefore, now, 8th March, 1949, motion for new trial is denied.
Defendants appealed.
The judgment is affirmed on the opinion of the court below. Costs to be paid by appellants.