## Zaffarano v. Ambler Borough Council, Appellant.

Argued November 9, 1965. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

276

*Louis D. Stefan,* with him *Foulke, Knight, Stefan & Timoney,* for appellants.

*Michael H. Malin,* with him *White and Williams,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 17, 1966:

The appellee, Ignatius M. Zaffarano, was elected to a four year term as councilman for the Borough of Ambler, his term to begin in January, 1964. In January of 1964, the appellee took his seat as a member of the council. At the close of the April meeting of the borough council, the appellee requested that the borough secretary read a letter to the council which he had written. This letter stated to the council that the appellee was leaving at 6:00 o'clock A.M. the following morning for Italy; that he had planned this trip for a long time; and that he was going. The next morning, the appellee left the United States for Italy and did not reappear in council until November of 1964. At the July meeting, council of the Borough of Ambler by a majority vote declared the appellee's seat to be vacant, and at the August meeting, council for the Borough of Ambler filled the vacancy which was created at the July meeting.

Shortly after the appellee's return to the United States and upon learning for the first time that his seat had been vacated and that the vacancy had been filled, the appellee filed a complaint in mandamus against the Ambler Borough Council and its members.

The complaint alleged that the council failed to recognize appellee as a councilman from the 3rd Ward of the Borough of Ambler, and that the council had illegally declared his seat vacant without giving him, or attempting to give him, notice of a hearing, and a hearing on the question of the necessity of his absence. The appellant, Ambler Borough Council, filed an answer in which it denied the lack of notice and hearing and raised, by new matter, that the burden of proving the reason for his absence rested on the appellee. The appellee then filed a reply to new matter and moved for judgment on the pleadings which the lower court granted, thus setting aside the vote of the council declaring the appellee's seat vacant. This appeal followed.

The first issue raised by the appellant is that the lower court erred in finding that the plaintiff did not receive a hearing on the issue of the necessity of his absence from council meetings. The Borough Code, Act of May 4, 1927, P. L. 519, §905, as amended, 53 P.S. §45905, authorizes a borough council to declare a vacancy in a councilmanic seat and to fill that vacancy. The Borough Code (§905) provides as follows: "Right of council to declare seat of councilman and burgess vacant for failure to attend meetings, Etc.—If any person, having qualified as a member of council or burgess, shall neglect or refuse to attend two successive regular meetings, unless detained by sickness, or prevented by necessary absence from the borough, or if, a councilman in attendance at any meetings, shall neglect or refuse to vote or by his withdrawal from council or otherwise refuse to act in his official capacity as a member of council, or if the burgess in attendance at any meetings shall neglect or refuse to cast the deciding vote as required by section 1003 of this act, the borough council, acting without such person, may declare his office as a member of council or burgess vacant, and may fill such vacancy as provided in section nine hundred one of this act. For such actions a ma-

jority of the remaining members of the council shall constitute a quorum.:" Act of July 10, 1947, P. L. 1621, §22, 53 P.S. §45905.

Although the above quoted legislation is devoid of any requirement pertaining to notice of hearing, or a hearing before a borough council seat can be declared vacant, case authority holds that prior to the seat of a councilman or burgess being declared vacant under the provisions of The Borough Code, the councilman or burgess involved must have an opportunity to present his reasons for his absence at a hearing. In *Lumley v. Hughestown Boro.*, 362 Pa. 532, 66 A. 2d 833 (1949), at p. 534, we said: "It may be noted that the borough code makes no provision for notice of hearing. But in order to determine the necessity of his absence, as provided in the Code, case law requires a hearing and a notice thereof to the defending official that he may be heard. Com. ex rel. v. Morieka, 42 D. & C. 169.; Commonwealth ex rel. v. Oslincik, et al., 38 Luz. Leg. Reg. Reports 410; and Commonwealth ex rel. v. Gibbons, 196 Pa. 97."

The appellant alleges that in this case, the appellee did receive a bona fide hearing on the reasons for his absence. The appellant alleges that appellee participated in a public hearing with council when he outlined in detail, by means of a letter and discussion, that he was departing. The appellant argues that in light of this letter being read to council and discussions held at that time, that this constituted a hearing on the issue of the necessity of the absence. With this argument we cannot agree. The council of the Borough of Ambler declared Zaffarano's seat vacant under the authority of the above quoted section of The Borough Code. This section provides that when a member of council or burgess shall neglect or refuse to attend two successive meetings unless detained by sickness or prevented by necessary absence from the borough, the

borough council, acting without such person may declare his office vacant and may fill such vacancy as provided. However, it was not until Zaffarano had missed the May and June meetings that in the July meeting did council act under the authority of the above mentioned section of The Borough Code. At the July meeting, no notice of any kind was given to Zaffarano, either in person or mailed to his home or communicated to the members of his family. As we have indicated, the case law requires that a hearing and notice thereof to the defending official be given when his public office is to be declared vacant and without such notice, the action of council should be set aside.

The second issue raised by the appellant is that the lower court erred in setting aside council's declaration of vacancy. As we have indicated above, the action of council was improper for its failure to give notice and to hold a hearing on Zaffarano's absence, and, as we held in *Com. ex rel. Park v. Kaiserman,* 330 Pa. 196, 199 A. 143 (1938), when construing legislation of this type, which is highly penal in nature, the act must be strictly construed, and every step in the proceedings must clearly appear to be regular in upholding the requirements of due process. We therefore must agree with the court below that the council of the Borough of Ambler was required to give Zaffarano notice of a hearing to determine the necessity of his absence, and we must agree with the court below that no notice was given; hence the action of council must be set aside.

Order affirmed.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

Plaintiff-appellee waived a hearing by letter dated March 18, 1964, which he presented to the Borough Council at its meeting on April 13, 1964. In this letter he said he was leaving the United States for Italy,

the land of his birth, until November, 1964, to fulfill his greatest dream.

By this letter, which stated plaintiff's reasons for being absent from the regular meetings of Council, and which without the slightest doubt were legally inadequate to justify his absences, he waived a hearing. Even a Constitutional right can be waived: *Carnley v. Cochran,* 369 U.S. 506; *Moore v. Michigan,* 355 U.S. 155; *Uveges v. Pennsylvania,* 335 U.S. 437; *Johnson v. Zerbst,* 304 U.S. 458; *Commonwealth v. Aljoe,* 420 Pa. 198, 216 A. 2d 50; *Commonwealth v. Sliva,* 415 Pa. 537, 204 A. 2d 455.

Mr. Justice ROBERTS joins in this dissenting opinion.