# In re Anonymous No. 38 D.B. 75 and 67 D.B. 75

Disciplinary Board Docket nos. 38 D.B. 75 and 67 D.B. 75.

UNKOVIC, *Board Member,* March 1, 1977 — Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

On May 27, 1975, disciplinary counsel filed a petition for discipline against respondent at no. 38 D.B. 75. That petition involved respondent's representation of one [A] in a divorce proceeding. That matter was referred to a disciplinary hearing committee on June 19, 1975, but before it was heard, another petition for discipline was filed by discipli-

nary counsel against respondent at no. 67 D.B. 75. The second petition involved two charges. Charge I related to respondent's representation of [B and C], and their daughter, [D], for a bodily injury claim arising out of an accident on May 15, 1971. The charge also referred to the [A] representation and the improper handling of the [A and D] funds in the [respondent's] bank account.

Charge II in the second petition involved respondent's representation of [E] and later of her husband, [F], pertaining to a divorce and property settlement. The charge also contained allegations of impropriety in the handling of the [E] funds in the [respondent's] bank account.

On December 29, 1975, these petitions were consolidated for hearing. There were several requests from counsel for a continuance. Subsequently, the hearing was held. Although respondent had counsel prior to the hearing, that counsel withdrew his appearance and respondent failed to appear at his hearing, either in person or by counsel.

On October 5, 1976, the hearing committee filed its report recommending disbarment. No objections have been filed to the report of the hearing committee.

Respondent, [anonymous], is an attorney admitted to practice law in the Commonwealth of Pennsylvania, and his office is located at [ ] County, Pennsylvania. He was retained on January 6, 1968, by [A] to represent her in an action in divorce instituted by her husband, and, also, in the event a divorce was obtained against her, she requested respondent to have her name changed to [G], her maiden name. Respondent negotiated a settlement in her favor in the amount of $9,000 and a check in that amount was forwarded to him on

August 2, 1973. It was deposited in the only checking account of his firm, [     ], in [N.C.] Bank on August 6, 1973. It was not until April 24, 1974, approximately eight months later, that [A] was advised by respondent that he had received the check. At that time, he stated that he put the $9,000 in an interest-bearing account in her name, [A]. He further advised her that his fee would be 25 percent — there was no written fee agreement.

[A] made demands for the proceeds on April 24, May 4, 7, 10, 17 and 20, 1974. On May 24, 1974, he sent her a check in the amount of $6,000, which meant that he retained a fee of one third rather than one fourth.

On July 12, 1973, [N.E.] Insurance Company drew its check for $10,000 to [D] et al. The check was endorsed to the order of respondent and deposited in the [N.C.] Bank on August 13, 1973. On September 5, 1973, he drew a check to [D] in the amount of $5,340.49, which represented a balance due after payment of costs and fees. [D] *was not a complainant.*

On May 24, 1974, [H], a real estate firm, drew a check to respondent in the amount of $6,130.82, which represented the proceeds of the sale of real estate which had belonged to [F] and [E], previously husband and wife. [E], in her uncontradicted deposition, stated respondent was to send her $2,000 from the above sum and she was to send the respondent $100. Instead, she received a check in the amount of $1,579.75 from respondent, which represented a deduction of $420.25, which respondent showed by his bill was the balance owed on the divorce. [E] tried, without success, to have $320.25 returned to her.

The hearing committee, in its report beginning at

page 4, set forth a series of transactions taken from the statements of the respondent's firm's bank accounts for the period August 3, 1973, through May 17, 1974. That portion of the hearing committee's report, subject to the changes in the second and third items (see footnotes) is quoted as follows:

| Date | Amount in Account |
|---|---|
| August 3, 1973 | $ 1,275.72 |
| [1]August 6, 1973 — [A's]    $9,000.00 was deposited | 10,338.97 |
| [2]August 13, 1973 — [D's]    $10,000.00 was deposited | $19,772.71 |
| August 17, 1973 | 20,705.42 |
| September 5, 1973 — Check issued to [D] for $5,340.49 | |
| September 14, 1973 | 9,520.79 |
| September 17, 1973 ) | 4,160.30 |
| September 21, 1973 ) [A's] | 3,397.45 |
| ) $9,000.00 is | |
| September 28, 1973 ) still held by | 3,927.75 |
| ) respondent | |
| October 5, 1973 ) | 7,643.14 |
| October 12, 1973 ) | 7,404.35 |
| October 20, 1973 | 12,016.59 |
| October 31, 1973 ) [A's] | 6,849.99 |
| ) $9,000.00 is | |
| November 2, 1973 ) still held | 6,802.52 |
| November 9, 1973 ) by respondent | 7,482.91 |

1. The Committee's Report showed this item as:
    August 10, 1973 — [A's]    $9,000.00
                            was deposited — $9,834.33
Petitioner's Exhibit P-7-73-8/10 shows that the check was deposited August 6, 1973 and the balance as of that date was $10,333.97.

2. The Committee's Report showed this item as:
    August 13, 1973 — [D's]    $10,000.00 was
                            deposited — $20,705.42
Petitioner's Exhibit P-7-73-8/17 shows the same date of deposit for the check, but the balance as of that date was $19,772.71.

| Date | | Amount |
|---|---|---|
| November 16, 1973 | | 9,183.07 |
| November 23, 1973 | | 11,106.96 |
| November 30, 1973 | | 10,590.11 |
| December 7, 1973 | | 5,417.73 |
| December 14, 1973 | ) [A's] | 3,930.13 |
| | ) $9,000.00 is | |
| December 21, 1973 | ) still held | 6,435.10 |
| December 28, 1973 | ) by respondent | 6.559.63 |
| December 31, 1973 | ) | 6,559.63 |
| January 4, 1974 | ) [A's] | 4,847.40 |
| January 11, 1974 | ) | 2,349.70 |
| January 18, 1974 | ) | 5,285.27 |
| January 25, 1974 | ) | 3,200.12 |
| January 31, 1974 | ) $9,000.00 is | 2,296.69 |
| February 1, 1974 | ) | 2,281.69 |
| February 8, 1974 | ) | 1,274.93 |
| February 15, 1974 | ) still held | 1,519.61 |
| February 22, 1974 | ) | 1,687.37 |
| February 28, 1974 | ) | 4,784.01 |
| March 1, 1974 | ) by | 4,747.01 |
| March 6, 1974 | ) | 589.52 |
| March 15, 1974 | ) | 1,657.27 |
| March 22, 1974 | ) | 5,644.92 |
| March 29, 1974 | ) respondent | 4,616.19 |
| April 5, 1974 | | 9,712.96 |
| April 12, 1974 | | 8,471.59 |
| April 19, 1974 | ) [A's] | 8,615.95 |
| April 26, 1974 | ) $9,000.00 is | 5,265.35 |
| April 30, 1974 | ) still held | 3,370.35 |
| May 3, 1974 | ) by | 3,447.51 |
| May 10, 1974 | ) respondent | 1,284.32 |
| May 17, 1974 | ) | 1,549.82 |
| May 24, 1974 | — in (respondent's) bank account | 10,730.27 |
| May 31, 1974 | ) [E's]    $6,130.00 | 3,915.77 |
| June 7, 1974 | ) | 3,360.32 |
| | ) is in account | |
| June 14, 1974 | ) | 3,416.07 |

Particular attention is called to a number of transactions. On August 6, 1973, the $9,000 check

in the [A] matter was deposited in the bank account. On May 24, 1974, respondent drew a check from that account in the amount of $6,000 payable to [A] and the balance of $3,000 was taken as his fee. In regard to [D], the $10,000 check from the [N.E.] Insurance Company was deposited in respondent's account on August 13, 1973, and on September 5, 1973, he drew a check to [D] in the amount of $5,340.49. The $6,130.82 [E] check was deposited in the account on May 24, 1974, and on June 14, 1974, respondent drew a check to the order of [F] in the amount of $3,730.32. The record does not indicate the date of the check to [E] in the amount of $1,579.75. However, according to her uncontradicted testimony, that check should have been in the amount of $2,000 and she was to then pay respondent an attorney's fee of $100.

## II.  DISCUSSION

In the petitions for discipline, consolidated for hearing, respondent was charged with violation of the following disciplinary rules:

"D.R. 1-102(A)(3) — Engage in illegal conduct involving moral turpitude."

"D.R. 1-102(A)(4) — Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

"D.R. 1-102(A)(6) — Engage in any other conduct that adversely reflects on his fitness to practice law."

"D.R. 2-106(B) — Excessive fees."

"D.R. 6-101(A)(3) — Neglect a legal matter entrusted to him."

"D.R. 9-102(A) — All funds of clients paid to a lawyer or law firm, other than advances for costs

and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein."

"D.R. 9-102(B)(1) — A lawyer shall promptly notify a client of the receipt of his funds, securities, or other properties."

"D.R. 9-102(B)(4) — A lawyer shall promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

For the purposes of this recommendation to the Supreme Court, we must take as fact those matters testified to before the hearing committee. Respondent did not avail himself of the opportunity to appear and testify on his own behalf, nor to have counsel present to interrogate petitioner's witnesses or to question the exhibits.

Thus, in reviewing the testimony, the depositions, the stipulation and the documents of record, we find the following:

Respondent did not maintain a separate trustee bank account.

Respondent advised [A] that her funds were in a separate interest-bearing account, but this was not true.

Respondent told [A] that her fee would be 25 percent of the amount he obtained for her. He charged her 33-1/3 percent.

Respondent failed to have a written contingent fee agreement with [A].

Respondent failed to inform [A] that he had obtained a divorce for her and he failed to take action to restore her maiden name, as she had originally requested.

Respondent failed to inform [A] that he had received the $9,000 for her account for a period from the date of his receipt of that sum, August 10, 1973, to April 24, 1974.

Respondent failed to give client's money to her until May 23, 1974, which was in excess of nine months after he had received the $9,000 check.

Respondent advised [E] that he would charge her a $100 fee. He charged her $420.25.

Respondent stated he would send the entire $2,000 to [E], from which she was to pay him $100. Instead he sent her a check for $1,579.75 and deducted the $420.25.

Respondent used funds of his client or clients for his own purposes. From August 6, 1973, to August 13, 1973 (disregarding any argument as to the amount of fee or fees due and owing), respondent should have had in his account a minimum of $6,000, representing the [A] fund. From August 13, 1973, the date of the [D] deposit, to September 5, 1973, the date of the [D] payment, the account should have had a minimum amount of $11,340.49. From the time of the [D] payment on September 5, 1973, through May 24, 1974, there should have been a minimum in the account of $6,000. A review of the tabulations referred to above will show that the account had a balance of less than $6,000 on September 17, 21, 28, December 7 and 14, 1973, and on January 4, 11, 18, 25, 31, February 1, 8, 15, 22, 28, March 1, 6, 15, 22, 29, April 30, May 3, 10 and 17, 1974. Further, although not set forth in the tabulation above, petitioner's exhibit P-7-74-3/15 reveals that on March 11, 1974, there was only a balance of $339.52.

We would adopt the hearing committee's findings

that respondent violated the following Rules of the Code of Professional Responsibility, and we concur in their findings: D.R. 1-102(A)(4), D.R. 1-102(A)(6), D.R. 6-101(A)(3), D.R. 9-102(A), D.R. 9-102(B)(1) and D.R. 9-102(B)(4).

We would also agree with the hearing committee that Rule 202 of the Rules of Civil Procedure was violated, since the [A] contingent fee was not in writing.

This report and recommendation is made with the realization that the power of a court to disbar an attorney should be exercised with great caution: Matter of Paul Green, 470 Pa. 164, 368 A. 2d 245 (1977); Matter of Leopold, 469 Pa. 384, 366 A. 2d 227 (1976); Alexander's Case, 321 Pa. 125, 184 Atl. 77 (1936); In re Graffius, 241 Pa. 222, 88 Atl. 429 (1913).

In the recent decisions of this court, In the matter of Leopold and In the matter of Green, supra, the court has recognized that a pattern of deceit, fraud and misrepresentation by a respondent in the handling of his client's legal and financial matters warrants disbarment of respondent.

In the opinion of the hearing committee and in the opinion of the board, the conduct of respondent, as more particularly set forth above, warrants the recommendation to your honorable court that respondent be disbarred. The hearing committee gave respondent every opportunity to be heard, to take exceptions and to file a brief. Respondent chose to do none of these, and, therefore, the facts, as presented to the hearing committee, must be taken as true. From those facts, we have concluded that there was a studied course of deceit, fraud and misrepresentation by respondent in the handling of his clients' legal and financial affairs. Illustrative

of that conduct was his failure to notify [A] from August 10, 1973, to April 24, 1974, that he had received funds for her and even though he had many demands made upon him, he failed to turn over the moneys to her for another month. During the period that he had the funds, he did not keep them in a separate bank account and used them for his own purposes.

## III.  RECOMMENDATION

The board, at its meeting held on January 28, 1977, voted to recommend to your honorable court that [respondent] be disbarred from the practice of law.

## ORDER

And now, April 22, 1977, the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania, dated March 1, 1977, recommending disbarment, are not approved; and it is

Ordered and decreed by this court, that [respondent], be, and he is hereby suspended from the Bar of the Supreme Court and in all courts under the supervisory jurisdiction of the Supreme Court of Pennsylvania, for a period of three years, pursuant to Rule 204(2) of the Pennsylvania Rules of Disciplinary Enforcement.

Mr. Justice Roberts did not participate.

Mr. Justice Pomeroy dissents and would accept the recommendation of the Disciplinary Board.